# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-1112

| | | |
|---|---|---|
| SHANNA BAKER | | **Opinion Delivered** October 2, 2013 |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. DR-2010-277-3] |
| V. | | |
| MATTHEW A. BAKER | | HONORABLE CRAIG HANNAH, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Shanna Baker and appellee Matthew Baker married in 2005 and had one son, K.B. (DOB: 7-23-2008). The parties separated in 2010, and Shanna filed for divorce. Shanna appeals from the White County Circuit Court's divorce decree, arguing that the trial court erred in its distribution of property and allocation of debt and in awarding custody of their son to Matt. We affirm.

In its August 28, 2012 order, the trial court awarded five acres upon which the marital home sat to Matt because the land had been given to him as a gift from his parents prior to marriage. The trial court also awarded Matt the marital home given that a sale was impractical, considering that the house was located only a few feet from Matt's parents' property and the septic system was on his parents' property. Because marital funds were used to pay the principal of the mortgage in the amount of $4,084.43, Matt was ordered to pay Shanna $2,042.22.

The trial court divided several items of personal property, including a 1905 gold coin that once belonged to Shanna's great-grandmother. The trial court determined that the coin was marital property.

The trial court found that the parties had $22,672.37 in outstanding marital debt for which they should be equally liable. While the divorce was pending, Matt made payments on the parties' credit cards, and the trial court ordered Shanna to reimburse him for one-half of the payments made or $9,001.46. Offsetting an overpayment of child support by Matt ($860), which Shanna was ordered to repay, and Matt's obligation to pay Shanna one-half of the mortgage principal ($2,042.22), Shanna was ordered to pay Matt $7,819.24 ($9,001.46–$1,182.22) at 6% interest.

The trial court ruled that Rose Bud Heating and Cooling was Matt's separate property and that he was responsible for $10,000 in business-related expenses owed on a Citibank credit card.

In awarding custody of K.B. to Matt, the trial court determined that Shanna and her witnesses were less credible than Matt and his witnesses and that Matt would provide more stability for the child.

I.  *Marital Property*

Matt testified that, when he was a teenager, his parents promised to give him a five-acre tract of land and that they deeded the property to him on the day before the parties' wedding. According to Matt, the marital home had been appraised at $96,565. There was evidence that the mortgage balance was $96,511.54.

Shanna argues that Matt "regifted" the five acres to the marital estate when he told her as his new bride that *they* now had land upon which to build *their* home. Shanna also contends that title to the five acres became clouded due to the fact that the mortgage on the house that they built on the land was in both of their names. According to Shanna, this commingling created a presumption that Matt intended to make the five acres a gift to the marital estate.

Shanna also complains that she was awarded only $2,042.22, while Matt received 100% of the marital home. According to Shanna, the house was clearly marital property and, since the house alone appraised at $96,565, she should have been awarded one–half, or $48,282.50. Shanna further contends that the trial court should have valued the reduction in principal at the time of the divorce, instead of the separation, because Matt was essentially awarded a credit for marital funds he used to pay down the debt.

All marital property shall be distributed one–half to each party unless the court finds such a division to be inequitable. Ark. Code Ann. § 9–12–315(a)(1)(A) (Supp. 2011). Arkansas Code Annotated section 9-12-315 defines "marital property" as all property acquired by either spouse subsequent to the marriage, subject to certain exceptions, including property acquired prior to marriage or by gift. Ark. Code Ann. § 9-12-315(b)(1). There is a presumption that all property acquired during a marriage is marital property. *McKay v. McKay*, 340 Ark. 171, 8 S.W.3d 525 (2000). Once property, whether real or personal, is placed in the names of both spouses without specifying the manner in which they take, there is a presumption that they own the property as tenants by the entirety, and clear and convincing evidence is required to overcome that presumption. *Cole v. Cole*, 53 Ark. App. 140, 920

S.W.2d 32 (1996). A trial court's findings of fact with respect to division of property will be affirmed unless clearly erroneous or clearly against the preponderance of the evidence. *Barnes v. Barnes*, 2010 Ark. App. 821, 378 S.W.3d 766. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

We disagree with Shanna's argument that Matt's use of plural pronouns resulted in his making a gift of the five acres to her or the marital estate. The property was given to Matt as a gift prior to marriage, so it was not marital property and, in any event, it would have qualified as an exception. In reviewing the trial court's findings, this court gives due deference to the trial court's superior position to determine the credibility of witnesses and the weight to be accorded to each witness's testimony. *Barnes*, *supra*. The trial court clearly believed the testimony of Matt and his parents with regard to the five acres. Furthermore, Shanna's name was not put on the deed, which is further proof that Matt never intended to give the acreage to Shanna or the marital estate. The trial court did not clearly err in awarding the five acres to Matt as his separate property.

With regard to the marital home, Shanna's claim that she should be awarded one-half its value is unreasonable given that only approximately $4,000 had been paid on the mortgage.[1] We cannot say that the trial court clearly erred in awarding Matt the marital home,

---

[1]We note that there was no specific directive in the trial court's order that Matt refinance the mortgage debt in his name only and hold Shanna harmless. We believe this omission was inadvertent. In his brief on appeal, Matt asserts that Shanna has been relieved of any responsibility for the debt through his refinancing. If that is not the case, we urge the trial court to clarify the matter because Shanna should not be obligated to repay the mortgage

along with its debt, considering the trial court's reasons set forth in the order.[2] Shanna also argues for the first time on appeal that the trial court should have valued the reduction in principal at the time of the divorce, and not the parties' separation. It is incumbent upon the parties to raise arguments initially to the trial court and to give that court an opportunity to consider them. *Roberts v. Yang*, 2010 Ark. 55, 370 S.W.3d 170 (holding that appellant failed to preserve argument that trial court erred by not valuing and dividing accounts at time of divorce decree). Because Shanna's argument was not preserved below, we do not address it.

As for the gold coin, Shanna maintains that the evidence does not support the trial court's finding that it was marital property. According to Shanna, Matt's testimony concerning how the parties acquired the coin was "contradictory and not believable." Matters of credibility are for the trial court to determine. *Barnes*, *supra*. Testimony regarding the coin was conflicting, and the trial court obviously believed Matt's testimony. We hold that there was no clear error in the trial court's decision.

## II.  *Marital Debt*

Although the division of marital debt is not addressed in Ark. Code Ann. § 9–12–315, the trial court has authority to consider the allocation of debt in a divorce case. *Williams v. Williams*, 82 Ark. App. 294, 108 S.W.3d 629 (2003). In fact, we have stated that an allocation of the parties' debt is an essential item to be resolved in a divorce dispute and that it must be

---

on the marital home awarded to Matt.

[2]The trial court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter. Ark. Code Ann. § 9–12–315(a)(1)(B).

considered in the context of the distribution of all of the parties' property. *Id.* Section 9-12-315 does not apply to the division of marital debts; hence, in Arkansas, there is no presumption that an equal division of debts must occur. *Id.* A judge's decision to allocate debt to a particular party or in a particular manner is a question of fact and will not be reversed on appeal unless clearly erroneous. *Id.*

Shanna argues that the trial court essentially ordered her to pay approximately ninety percent of the marital debt in that the trial court ordered her to pay $11,336.19 (half of $22,672.37) and $9,001.46 (half of what Matt paid on credit cards), totaling $20,337.65.

The trial court determined that the parties' outstanding debt at the time of the hearing was $22,672.37, *not* including the minimum payments Matt had made over the course of the parties' twenty-six months' separation, totaling $18,002.92. Thus, although an equal division was not required, Shanna is liable for approximately one-half of the marital debt. We cannot say that the trial court clearly erred in its allocation.

Next, Shanna contends that she was required to repay part of Matt's business debt because the trial court refused to admit detailed credit-card statements into evidence, which would have showed individual purchases for Matt's heating-and-air business.

Because Shanna failed to provide the statements in discovery, the trial court ruled that they would not be admitted at trial, which is a permissible sanction for a discovery violation pursuant to Arkansas Rule of Civil Procedure 37. The imposition of sanctions for the failure to make discovery rests in the trial court's discretion. *Matthews v. Matthews*, 2009 Ark. App. 400, 322 S.W.3d 15. Because Shanna did not provide the statements in advance of the

hearing, we cannot say that the trial court abused its discretion.

We further note that Shanna did not proffer the credit-card statements that she sought to have admitted. The failure to proffer evidence so we can see if prejudice results from its exclusion precludes review of the evidence on appeal. *Jones v. Runsick*, 2013 Ark. App. 356. In any event, in a posttrial brief, Shanna put before the trial judge a summary of debt from various credit cards that she claimed was related to Matt's business. Because Shanna provided the contents of the credit-card statements for the trial court's consideration, she essentially received the relief she requested and cannot now complain on appeal. *Wilson v. Fullerton*, 332 Ark. 111, 964 S.W.2d 208 (1998). We hold that there was no clear error in the trial court's allocation of credit-card debt.

Shanna also argues that the trial court erred in not allocating her debt, specifically, her student loans acquired during marriage and her credit-card debt of between $7,400 and $8,400, which she incurred in purchasing marital property.

Although Shanna mentioned having a student loan and gave an estimate of what she thought she owed in credit-card debt, she did not introduce any evidence of these debts. In Shanna's brief, she asserts that the trial court "was silent" with regard to allocation of her debt. This court will not consider arguments on appeal when the party has failed to obtain a ruling from the trial court. *Thompson v. Thompson*, 2012 Ark. App. 296. It was Shanna's burden to bring up a record sufficient to demonstrate that the trial court erred. *McCormick v. McCormick*, 2012 Ark. App. 318, 416 S.W.3d 770. We cannot say that the trial court clearly erred when the trial court was not presented with any evidence of the debts.

### III. *Child Custody*

With regard to custody, the primary consideration is the welfare and best interest of the children involved; all other considerations are secondary. *Bamburg v. Bamburg*, 2011 Ark. App. 546, 386 S.W.3d 31. The factors a trial court may consider in determining what is in the best interest of the child include the psychological relationship between the parents and the child, the need for stability and continuity in the relationship between parents and the child, the past conduct of the parents toward the child, and the reasonable preference of the child. *Id.* On appeal, we conduct a de novo review, but we will not reverse unless the findings are clearly erroneous. *Id.* This necessarily turns in large part on credibility determinations, and we give special deference to the superior position of the trial judge to evaluate the witnesses, their testimony, and the child's best interest. *Id.* There are no cases in which the superior position, ability, and opportunity of the trial judge to observe the parties carry as great a weight as those involving children. *Id.*

Shanna was asked about her relationships with three men, and she denied dating or living with any of them. Two private investigators hired by Matt contradicted her testimony. In addition, Shanna's former coworker testified that Shanna referred to one of the men as her live-in boyfriend. Shanna testified that she was aware that one of her male companions had been in prison for drugs. Also, Shanna conceded that several members of her family and friends were felons with drug-related convictions.

Matt testified that he and Shanna had abused various drugs together in the past and that, while he had gotten "clean," Shanna had not. Shanna denied having a drug problem.

Matt testified that he regularly attended Narcotics Anonymous (NA) meetings and was an officer of NA. According to Matt, Shanna attended NA meetings and introduced herself as an addict. Shanna, however, insisted that she went to NA meetings only to support Matt. Later, Shanna admitted that she was also an officer of NA, and she was confronted with a sign-in sheet on which she had written "one year, two weeks" under a section entitled "Clean Time."

The attorney ad litem stated that she was concerned about Shanna's truthfulness. On the other hand, she was "comforted" by the involvement of Matt's parents in caring for K.B.

On appeal, Shanna argues that the trial court failed to consider that she was K.B.'s primary caregiver since birth. She further contends that, given both parties' history, it was "a wash" as to which parent was better suited to have custody of K.B.

The trial court made credibility determinations that were not favorable to Shanna. There was evidence that Shanna lived with various men. Unmarried cohabitation with a romantic partner, or a parent's promiscuous conduct or lifestyle, in the presence of a child cannot be abided. *Bamburg, supra*. Moreover, it was apparent that Shanna surrounded herself and, more importantly, K.B., with convicted felons. In addition, Shanna was in denial with regard to her drug addiction. The trial court determined that Matt could provide more stability for K.B., especially considering that he had the support of his parents. There is no indication that the trial court failed to take any relevant factors into consideration. We cannot say that the trial court clearly erred in awarding custody to Matt.

Affirmed.

PITTMAN and VAUGHT, JJ., agree.

*Quincy W. McKinney*, for appellant.
*Robert Hudgins*, for appellee.