Cite as 2016 Ark. App. 172

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–702

| | | |
|---|---|---|
| MARK BROWN | APPELLANT | **Opinion Delivered** MARCH 16, 2016 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION [NO. 60DR–13–1871] |
| CONNIE BROWN | APPELLEE | HONORABLE RICHARD MOORE, JUDGE |
| | | REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

This appeal concerns the division of property and debts in Mark and Connie Brown's divorce. Mark argues that the trial court erred in dividing the parties' marital property when it failed to value a corporation owned by the parties, when it considered leasehold improvements as an asset of the corporation, and when it divided the parties' marital property unequally without stating its reasons for doing so. Mark makes valid points with regard to the trial court's failure to value the corporation and the failure to state its reasons for dividing the marital property unequally in the divorce decree; therefore, we reverse and remand this case for further findings.

*Facts*

The parties, who were married almost forty years, owned Pine Valley, Inc., which operated Pine Valley Golf Course (Pine Valley) in Pulaski County, Arkansas. Pine Valley did

not own the land on which the golf course was located; it was owned by WKB, LLC, of which Mark and his two brothers each owned a one-third nonmarital interest. Over time, Pine Valley, which opened in 1986 with only the golf course and a caddy shack, added buildings, including a pro shop, a maintenance building, a pavilion, and other structures, in addition to cart paths on the golf course. There was testimony that while Pine Valley had been profitable in the 1990s and early 2000s, it was not as profitable in the last few years and had in fact recorded a loss in 2013. At the final hearing, Mark stated that Pine Valley still had employees, including him and the parties' son, and that he intended to continue to operate Pine Valley Golf Course. In addition to requesting he be awarded one-half of the proceeds from the sale of the marital home, Mark asked the trial court to award him Pine Valley, Inc., stating he would assume responsibility of all debt associated with Pine Valley.

The trial court wrote a letter opinion setting forth in great detail its decision regarding the division of marital property. It noted both parties were involved in improving the golf-course property by not only adding buildings, equipment, and inventory, but also through Connie's work keeping the books and managing various aspects of the golf-course business. It further stated Mark had not shared with Connie the last twelve to fourteen months' information concerning the financial state of Pine Valley. The trial court also note that Mark continued to have some of his expenses paid by Pine Valley, which was a benefit Connie no longer enjoyed. The trial court determined, in consideration of the proper factors, that an award of alimony to Connie was justified, but that Mark contended he was unable to pay such alimony. Therefore, in lieu of alimony, the trial court, in its letter opinion, awarded Mark

Pine Valley, Inc., and its assets, which would provide him a business for a future source of income, employment, and personal benefits, while avoiding the obligation of continued spousal support. The trial court found the valuation of Pine Valley, Inc., with its present assets and projected income, equalized the highest value of a one-half interest in the marital home. Connie was awarded the marital home and any debt associated with it.

The divorce decree was not nearly as specific as the letter opinion, and the letter opinion was not incorporated into the divorce decree. Regarding the corporation and the residence, the decree provided, in pertinent part, that Pine Valley, Inc., was a marital asset that was awarded to Mark, along with ownership of all "land, property, inventory, intangibles, accounts receivables, debt, credit accounts, etc., associated with Pine Valley, Inc.," free and clear of any claim from Connie; that any debt associated with Pine Valley, Inc., was Mark's sole responsibility; that Mark would retain the use and possession of the WKB land, together with the improvements, as well as the WKB accounts as his sole and separate property; and that Connie retained the use and possession of the marital home and would be entitled to any and all equity in the marital home at the time it was sold.

*Standard of Review*

Divorce cases are reviewed de novo, giving due deference to the trial court's superior position to determine witness credibility and the weight to be given each witness's testimony. *Dew v. Dew*, 2012 Ark. App. 122, 390 S.W.3d 764. The findings of fact of the trial court with respect to the division of property in a divorce case are affirmed on appeal unless those findings of fact are clearly erroneous. *Dial v. Dial*, 74 Ark. App. 30, 44 S.W.3d 768 (2001).



*Discussion*

In accordance with Arkansas Code Annotated section 9-12-315(a)(1) (Repl. 2015), at the time of entry of a divorce decree, the trial court shall equally distribute all marital property one-half to each party unless it is determined that such a distribution would be inequitable; if the property is not divided equally, then the trial court must state the reasons and bases for not doing so. Factors to be considered by the trial court in the event that the marital property is not divided equally include the length of the marriage; the age, health, and station in life of the parties; the occupation of the parties; the amount and sources of income available to each party; vocational skills; employability; the estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation, or appreciation of marital property, including homemaker services; and the federal income tax consequences of the court's division of property. Ark. Code Ann. § 9-12-315(a)(1)(A). Marital property does not include the increase in value of property acquired prior to marriage. Ark. Code Ann. § 9-12-315(b)(5). All nonmarital property shall be returned to the party owning it prior to marriage unless the trial court makes another division it deems equitable, after taking into consideration the factors set forth in subsection (a)(1) and stating in writing its basis and reasons for not returning the property to the party who owned it at the time of the marriage. Ark. Code Ann. § 9-12-315(a)(2).

If corporate stock makes up part of the marital property, the trial court shall designate which party is entitled to the stock, or after determining the fair-market value of the securities, may order and adjudge that the securities be distributed to one party on condition

that one-half of the fair-market value of the securities in money or other property be set aside and distributed to the other party in lieu of division and distribution of the securities. Ark. Code Ann. § 9-12-315(a)(4). Here, the trial court did not assign a value to the shares of Pine Valley, Inc., when it awarded the stock to Mark. In *Farrell v. Farrell*, 2013 Ark. App. 23, 425 S.W.3d 824, our court remanded to the trial court when it failed to expressly assign a value to the husband's interest in what was referred to as "the Texas ventures," in accordance with Arkansas Code Annotated section 9-12-315(a)(4). Pursuant to our holding in *Farrell*, this case is remanded for the trial court to determine the value of the Pine Valley, Inc., stock.

Additionally, Mark argues that the trial court distributed the parties' marital property unequally and failed to set forth its reasons for doing so. We agree. As we discussed above, the trial court failed to value the stock of Pine Valley, Inc., and it also awarded Connie the marital home and all of the equity therein at the time the home is sold. While the trial court set forth in detail its reasoning for making the distribution in its letter opinion, the letter opinion was not incorporated into the divorce decree, and the decree did not repeat the trial court's detailed findings for the division of the marital property that had been stated in the trial court's letter opinion. In *Farrell*, our court held:

> A letter opinion that has not been incorporated into the judgment is not the equivalent of a written order. The decisions, opinions, and findings of a court—including those expressed in a letter opinion—do not constitute a judgment or decree, but are merely the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in the judgment.

2013 Ark. App. 23, at 9–10, 425 S.W.3d 824, 831 (citations omitted). Because the decree does not set forth the trial court's reasoning for the distribution of marital property, this case

5

must be remanded for the trial court to satisfy the requirements of the statute.

Mark further argues that the trial court improperly considered leasehold improvements to WKB's real property (of which he owns an undivided one-third nonmarital interest) as assets of Pine Valley, contending that tenants of property are not entitled to compensation for improvements to leaseholds unless the lessee and lessor specifically agree upon such an arrangement. This argument is likely to arise again on remand. We note in *Moore v. Moore*, 2016 Ark. 105, ___ S.W.3d ___, an opinion handed down on March 10, 2016, our supreme court overruled its line of cases holding that the "active appreciation" of nonmarital property was presumed to be marital property. However, the *Moore* opinion did not negate the statutory provision of Arkansas Code Annotated section 9-12-315(a)(2) that vests the trial court with the authority to distribute both marital and nonmarital assets in an equitable fashion, provided that the trial court takes into consideration the factors set forth in subsection (a)(1) and states in writing its basis and reasons for doing so. We make no determination of the propriety of such a consideration in this particular case; however, we direct the trial court to consider *Moore* when it values and divides the parties' assets on remand in accordance with Arkansas Code Annotated section 9-12-315(a).

Reversed and remanded.

KINARD and HOOFMAN, JJ., agree.

*Kamps & Stotts, PLLC*, by: *Adrienne M. Griffis* and *David W. Kamps*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Lauren Ballard* and *Sam Hilburn*, for appellee.