

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–569

| | | |
|---|---|---|
| JOHN WILSON | | **Opinion Delivered** May 11, 2016 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. DR-14-553] |
| V. | | |
| VICKIE WILSON | APPELLEE | HONORABLE THOMAS SMITH, JUDGE |
| | | REVERSED AND REMANDED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

## M. MICHAEL KINARD, Judge

John Wilson appeals from the parties' divorce decree, arguing that the trial court erred in finding that certain property was marital property and in dividing the parties' property inequitably. Vickie Wilson has filed a cross-appeal, arguing that she had a fifty percent nonmarital interest in certain property. We reverse and remand on direct appeal and affirm on Vickie's cross-appeal.

The parties were married October 4, 2010, and separated in March 2014, when Vickie filed for divorce. The parties and two accountants testified at the hearing held on division of property. John had interests in numerous family-owned companies and partnerships prior to the marriage through which investments in the oil and gas industry were made. Vickie owned a premarital business, Dynamic Energy Concepts, Inc. ("DEC"), and worked full time. The parties had a joint bank account, and John had his own bank account

in Texas.

John first argues that the trial court erred in finding that the investment known as Reeves County Saltwater Disposal Well ("Reeves") was a marital asset. John contends that the interest in Reeves was his sole nonmarital property due to his acquisition of it prior to the marriage. In her cross-appeal, Vickie agrees that the investment was not marital property, but she claims that she had a fifty percent nonmarital interest in the investment.

Vickie testified that, just prior to the marriage, the parties set up a corporation, Rain Water Energy, through which to make investments into saltwater disposal wells. Vickie identified a $2800 check from her to John as her investment check; the memo line read "Reeves/Rainwater." Vickie said that she did not know until distribution checks were delivered that the investment was in John's name, not Rain Water Energy. She said that John told her it was done this way for tax reasons because he claimed Texas residency, but he assured her it was "our money." John testified that he alone purchased an eight percent interest in Reeves in his name as evidenced by the September 27, 2010 stock-purchase agreement. John claimed that he did not remember why Vickie gave him the $2800 check. He identified two checks written from his Texas account to Reeves—a $7000 check for the initial investment and an $8000 check for a later capital call. The trial court found that the asset was marital property because it was the intent of the parties to make a joint investment through Rain Water Energy.

Marital property means all property acquired by either spouse subsequent to the marriage, with certain exceptions. Ark. Code Ann. § 9-12-315(b) (Repl. 2015). A trial

court's findings of fact with respect to division of property will be affirmed unless clearly erroneous or clearly against the preponderance of the evidence. *Baker v. Baker*, 2013 Ark. App. 543, 429 S.W.3d 389. Here, both parties agree that the investment was acquired prior to the marriage. The stock-purchase agreement reflects that John purchased the interest in his name, and the evidence shows that the initial capital contribution came from John's checking account. Although Vickie testified that it was the intent of the parties to make a joint investment, John purchased the interest by himself prior to the marriage. *See Fell v. Fell*, 2015 Ark. App. 590, 473 S.W.3d 578 (holding that the trial court erred in finding that the home husband purchased prior to the marriage was marital upon finding that it was the intent of the parties at the time of purchase to make it a marital home and they had treated it as such); *see also Baker, supra* (holding that husband's use of plural pronouns regarding nonmarital property did not result in his making a gift to his wife). The trial court clearly erred in finding the Reeves interest to be marital property instead of John's nonmarital property. Vickie has failed to show that she had a fifty percent nonmarital interest; thus, the cross-appeal is affirmed.

Our property-division statute permits the division of nonmarital property if the trial court deems it equitable after taking into consideration several factors, including the following: the length of the marriage; age, health, and station in life of the parties; occupation of the parties; amount and sources of income; vocational skills; employability; estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation, or appreciation of

marital property, including services as a homemaker; and the federal income tax consequences of the court's division of property. Ark. Code Ann. § 9-12-315(a)(2). In such instances the trial court must recite its basis and reasons for not returning the nonmarital property. *Id.* Here, however, the trial court erroneously treated Reeves as marital property. We reverse and remand for the trial court to award the Reeves interest to John as his nonmarital property absent a specific statutory finding to justify any distribution to Vickie.

For his second point on appeal, John argues that the trial court failed to equitably divide the parties' assets. The divorce decree awarded John 100 percent of the parties' interest in Wilson, Wilson & Dunn Properties, LP; the Treadaway Saltwater Disposal Well investment; and Guitar SWD, LLC, as well as all of the investment income during the parties' separation. The marital residence was Vickie's premarital property and was returned to her. The trial court found that the principal indebtedness associated with the residence and surrounding acreage had been reduced by approximately $405,000 during the marriage. The court found that it was equitable for Vickie to take all principal-reduction payments as her sole and separate property in consideration for the award to John of the interests stated above and the reductions in principal indebtedness associated with Wilson, Wilson & Dunn. The debt that Guitar owed to Vickie's premarital company, DEC, was ordered to be Vickie's obligation. The household furniture and furnishings were awarded to Vickie, and John was awarded a marital vehicle. The court awarded John all of his 401(k) but ordered that the contributions to Vickie's 401(k) during the marriage be divided equally between the parties.

John contends that the investment interests awarded to him should have been awarded

as his nonmarital property. The trial court has broad powers to distribute both marital and nonmarital property to achieve an equitable division. *Ransom v. Ransom*, 2009 Ark. App. 273, 309 S.W.3d 204. All nonmarital property shall be returned to the party owning it prior to the marriage unless some other division is deemed equitable after consideration of the above-stated factors. Ark. Code Ann. § 9-12-315(a)(2). All marital property shall be distributed one-half to each party unless such a division is inequitable; if the property is not divided equally, the court should consider the statutory factors in reaching an equitable division and recite its basis and reasons for such a division. Ark. Code Ann. § 9-12-315(a)(1). Here, the trial court did not specify whether all of the assets, including the investment interests and household furnishings, were marital property or nonmarital property; nor did it state its reasons for every unequal division of marital property or any distribution of nonmarital property to the nonowning spouse. We remand for the trial court to reconsider the entire division, making the appropriate findings in support thereof, when it redistributes the Reeves interest.

John further argues that he was entitled to $200,000 worth of marital property to offset Vickie's award of the $405,000 in debt-reduction payments. This is an argument likely to arise again on remand. *See Brown v. Brown*, 2016 Ark. App. 172. John relies on the principle that a nonowning spouse is entitled to some benefit when marital funds have been expended to reduce the debt on the other spouse's nonmarital property. *Jones v. Jones*, 2014 Ark. 96, 432 S.W.3d 36. However, we note that the reduction in debt on nonmarital property is not considered to be marital property to be divided equally; instead, the

SLIP OPINION

nonowning spouse is simply entitled to have the marital contribution considered in balancing the equities involved in the property division. *Powell v. Powell*, 82 Ark. App. 17, 110 S.W.3d 290 (2003).[1]

For his final point, John argues that the trial court erred in awarding him only half of the contributions made to Vickie's 401(k) during the marriage; he contends that he was also entitled to any associated gain or loss. The associated gain or loss of marital contributions is marital property. *See Thomas v. Thomas*, 68 Ark. App. 196, 4 S.W.3d 517 (1999). Therefore, we reverse and remand for the trial court to either divide the entire marital interest equally or state its basis for some other division.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

VIRDEN and HARRISON, JJ., agree.

*Clark Law Firm PLLC*, by: *Suzanne G. Clark*, for appellant.

*Taylor Law Partners, LLP*, by: *William B. Putman*, for appellee.

---

[1]A mere reduction in a single item of indebtedness is not the same thing as an increase in the overall value of the property, which would require evidence of the fair-market value of the property both before and after the marriage. *Powell, supra*. Without such evidence showing an increase in value of nonmarital property, this division is not affected by the recent decision in *Moore v. Moore*, 2016 Ark. 105.