RAYMOND R. ABRAMSON, Judge
Appellant Rick Doss appeals the divorce decree entered by the Fulton County Circuit Court on September 6, 2017. We affirm.
Rick and appellee Jennifer Doss were married on September 29, 2009; Rick filed for divorce on May 6, 2013. Over the next few years, while their divorce was pending, the parties would reconcile at times and then file amended pleadings. The couple finally separated for good on September 26, 2015. Two hearings on the matter were held--on November 30, 2016, and on December 18, 2016, but the final order was not entered until September 6, 2017. This timely appeal followed.
On appeal, Rick argues that the circuit court failed to make requisite findings to support an unequal division of debts and assets and that the record does not support an uneven division. He contends that "at minimum, the court's division resulted in a distribution inequity of over $80,000." Rick contests that there was no equity in the circuit court's decision; that the court did not make the required express findings pursuant to statute; and that there was no evidentiary support for the court's findings. For the following reasons, we affirm the circuit court's rulings.
Our court reviews domestic-relations cases de novo on the record, but we will not reverse the circuit court's findings unless they are clearly erroneous. Hunter v. Haunert , 101 Ark. App. 93, 270 S.W.3d 339 (2007). A circuit court's finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. Id. In order to demonstrate that the circuit court's ruling was erroneous, the appellant must show that the lower court abused its discretion by making a decision that was arbitrary or groundless. Skokos v. Skokos , 344 Ark. 420, 40 S.W.3d 768 (2001). We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. Kelly v. Kelly , 2011 Ark. 259, 381 S.W.3d 817.
With respect to the division of property, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. See Conlee v. Conlee , 370 Ark. 89, 257 S.W.3d 543 (2007). In accordance with Arkansas Code Annotated section 9-12-315(a)(1) (Repl. 2015), at the time of entry of a divorce decree, the circuit court shall equally distribute all marital property one-half to each party unless it is determined that such a distribution would be inequitable; if the property is not divided equally, then the circuit court must state the reasons and basis for not doing so, and the basis and reasons should be recited in the order entered in the matter. Brown v. Brown , 2016 Ark. App. 172, 2016 WL 1039586. Factors to be considered by the circuit court in the event that the marital property is not divided equally include the length of the marriage;
*351 the age, health, and station in life of the parties; the occupation of the parties; the amount and sources of income available to each party; vocational skills; employability; the estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation, or appreciation of marital property, including homemaker services; and the federal income tax consequences of the court's division of property. Ark. Code Ann. § 9-12-315(a)(1)(A).
Additionally, we have held that a nonowning spouse is entitled to some benefit when marital funds have been expended to reduce the debt on the other spouse's nonmarital property. Wilson v. Wilson , 2016 Ark. App. 256, 492 S.W.3d 534. However, that reduction in debt on nonmarital property is not considered to be marital property to be divided equally; instead, the nonowning spouse is simply entitled to have the marital contribution considered in balancing the equities involved in the property division. Id.
In a divorce action, statutory law requires that all marital property be distributed at the time a divorce decree is entered. See Ark. Code Ann. § 9-12-315(a)(1)(A). But the main purpose of the property-division statute is to enable the circuit court to make a division of property that is fair and equitable under the circumstances. See Hoover v. Hoover , 70 Ark. App. 215, 16 S.W.3d 560 (2000). A circuit court has broad powers to distribute property to achieve an equitable distribution. See Hodges v. Hodges , 27 Ark. App. 250, 770 S.W.2d 164 (1989). Property division and alimony are complementary devices that the circuit court may utilize in combination to make the dissolution of marriage equitable. Moore v. Moore , 2016 Ark. 105, 486 S.W.3d 766.
Based on our review of the record, and specifically on our examination of the divorce decree, we hold that the circuit court adequately weighed the factors listed in section 9-12-315 in light of both the alimony claim and the inequitable-division-of-marital-property claim. The court began its examination of the assets and determined the characterization of them as either marital or nonmarital based on lengthy testimony by Rick regarding movement of funds in to and out of his individual accounts and the sale of assets during the pendency of the divorce. The court also analyzed the division of the assets by considering the needs of Jennifer and the ability of Rick to pay. The court stated that it could not assess Rick's ability to pay due to the "obfuscation of assets."
The circuit court awarded Jennifer her marital share of the 401k retirement account and acknowledged that it was basically impossible to trace the origin of those funds from the facts presented. The circuit court split Rick's tax refund equally between the parties and also divided the parties' marital foreign currency--Iraqi Dinars--equally, minus the amounts owed to separate family members. The circuit court awarded Rick his premarital property and its associated debt, acknowledging the pay down of $77,000 benefiting this property during the marriage. The circuit court also awarded Jennifer the Green Acres marital storage-unit property and charged her with its underlying debt.
When the circuit court divides property unequally, our property-division statute requires the court to state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the circuit court's order. See Ark. Code Ann. § 9-12-315(a)(1)(B). In the instant case, the circuit court did just that. The *352 circuit court explained its reasoning for the unequal division, noting that the court had the ability to award alimony but that Rick's ability to pay was unclear. Therefore, rather than awarding alimony, the court found that Jennifer's need would be met by an unequal distribution of the marital assets and debts in order to balance the equities between the parties.
While the circuit court must consider the factors set forth in the statute and state its reasons for dividing property unequally, it is not required to list each factor in its order or to weigh all the factors equally. See Kelly , supra ; Bamburg v. Bamburg , 2011 Ark. App. 546, 386 S.W.3d 31. Further, our supreme court has determined that "the specific enumeration of the factors within the statute does not preclude a circuit court from considering other relevant factors, where exclusion of other factors would lead to absurd results or deny the intent of the legislature to allow for the equitable division of property." Hernandez v. Hernandez , 371 Ark. 323, 328, 265 S.W.3d 746, 750 (2007).
The allocation of marital debt must be considered in the context of the distribution of all of the parties' property. Bailey v. Bailey , 97 Ark. App. 96, 244 S.W.3d 712 (2006). However, our court has held that Arkansas Code Annotated section 9-12-315 and its presumption of equal division does not apply to the division of marital debts. Williams v. Williams , 82 Ark. App. 294, 108 S.W.3d 629 (2003) ; Ellis v. Ellis , 75 Ark. App. 173, 57 S.W.3d 220 (2001). A determination that debts should be allocated between the parties on the basis of the relative ability to pay is not a decision that is considered clearly erroneous. Bailey , supra ; Ellis , supra.
We have long held that any exception to the rule of equal distribution will always depend on the specific facts as reflected by the circuit court's findings and conclusions. Gentry v. Gentry , 282 Ark. 413, 668 S.W.2d 947 (1984). Again, the statute requires the lower court simply to explain its reasons for not dividing the marital property equally, not to recite each of the statutory factors in the order. Kelly, supra. Based on our standard of review and the record before us, we hold that the circuit court considered and analyzed all the relevant and necessary factors to determine the true financial picture of the parties' marriage and their lives postdivorce. We cannot say that the circuit court's decision was arbitrary or groundless. Accordingly, we affirm.
Affirmed.
Gladwin and Murphy, JJ., agree.