Cite as 2023 Ark. App. 266

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-22-318

| | | |
|---|---|---|
| JAMES CORTER | | Opinion Delivered May 10, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. 32DR-20-155] |
| V. | | |
| | | |
| NAKISHA CORTER | | HONORABLE DON MCSPADDEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

In this one-brief appeal, appellant James Corter argues that the circuit court erred in its custody and visitation determinations, its calculation of child support, and in awarding attorney's fees. We affirm.

James and appellee, Nakisha Corter, were married on January 18, 2014. Nakisha has two children from a previous relationship who are not parties to this custody and visitation dispute, and she was pregnant with a third (MC 1) when she and James married. James has two older children (MC 2 and MC 3) from a prior relationship. James and Nakisha have one biological child (MC 4) together.

In 2019, Nakisha left the home, and the four minor children continued living with James. Later, Nakisha took MC 1 for a visit but never brought her back and was subsequently arrested and pled guilty to drug offenses. James filed for divorce; that case was later dismissed.

On May 11, 2020, James filed the instant divorce case. Nakisha was served and filed an answer on June 3. There was no activity until April 29, 2021, when the case was set for trial on November 16.

Nakisha went to James's house on August 23, 2021, and got into a physical altercation with him; all the children witnessed it. James was arrested, and Nakisha obtained an order of protection against him. At the November divorce proceeding, both James and Nakisha testified as well as Frank Foll and Justin Hager, who testified on James's behalf. The minor children also were examined by the court.

Following the hearing, the court granted the divorce and awarded custody to Nakisha. The court found by clear and convincing evidence that it was in the children's best interest to be in Nakisha's custody. The court also ordered James to pay child support in the amount of $1006 a month and made it retroactive to August 1, 2021. In addition, the court ordered that the $4024 in arrears be paid at a rate of $200 a month. The court ordered James to repay Nakisha $3000, representing the amount he received in stimulus money after the parties' separation. After ninety days of only limited telephone contact and visitation, the court allowed supervised visitation between James and the children one weekend a month from 10:00 a.m. to 6:00 p.m. on Saturdays. The court noted that if the supervised visits went

well, the court would revisit the issue after March 1, 2022. The court ordered James to pay $2000 in Nakisha's attorney's fees. This timely appeal followed.

This court reviews domestic-relations cases de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.*

Whether a circuit court's findings are clearly erroneous turn in large part on the credibility of the witnesses, and special deference is given to the circuit court's superior position to evaluate the witnesses, their testimony, and the children's best interest. *Cunningham v. Cunningham*, 2019 Ark. App. 416, 588 S.W.3d 38. There are no cases in which the circuit court's superior position, ability, and opportunity to observe the parties carry as great a weight as those involving minor children. *Id.* The primary consideration in child-custody cases is the welfare and best interest of the child, with all other considerations being secondary. *Id.*

James first argues on appeal that the circuit court erred in awarding custody to a stepparent without a finding that the natural parent was unfit and that its ruling should therefore be reversed. Here, while the circuit court did not make a specific fitness finding, we can assume that it found Nakisha to be fit because it awarded custody to her. This court has held that "in the absence of a showing to the contrary, we presume that the circuit court

3

acted properly and made such findings of facts as were necessary to support its decision."

*Chekuri v. Nekkalapudi*, 2020 Ark. App. 74, at 13–14, 593 S.W.3d 467, 475–76.

Moreover, the evidence before the circuit court here supports a fitness finding. James physically abused Nakisha in front of the children. The court found that James was the aggressor, supporting the legislative directive that it is not in a child's best interest to be in the custody of an abusive parent.[1] The circuit court made the following relevant findings:

> Number one, it's obvious that the parties do not get along. There's been multiple assaults and batteries over the years, the way that Mr. Corter has talked to Ms. Corter, the domestic violence, and that is always something that is addressed in child custody suits, and that goes against the person who is guilty of the domestic violence, and that would be Mr. Corter.

Given the circuit court's clear language and our deference to the court's superior position to evaluate witnesses, their testimony, and the children's best interest, we are not

---

[1]Arkansas Code Annotated section 9-13-101 (Supp. 2021) provides, in pertinent part:

(c)(1) If a party to an action concerning custody of or a right to visitation with a child has committed an act of domestic violence against the party making the allegation or a family or household member of either party and such allegations are proven by a preponderance of the evidence, the circuit court must consider the effect of such domestic violence upon the best interests of the child, whether or not the child was physically injured or personally witnessed the abuse, together with such facts and circumstances as the circuit court deems relevant in making a directive pursuant to this section.

(2) There is a rebuttable presumption that it is not in the best interest of the child to be placed in the custody of an abusive parent in cases in which there is a finding by a preponderance of the evidence that the parent has engaged in a pattern of domestic abuse.

4

left with a definite and firm conviction that the court erred in its findings to award Nakisha custody.

James next argues that the circuit court erred in awarding only telephonic and limited supervised visitation. His entire argument is simply asking us to second-guess the circuit court's determination as to the weight of the evidence and the credibility of the witnesses. The circuit court properly considered all the evidence and testimony before it, and we, as the reviewing court, cannot and will not reweigh the evidence in favor of James's position. *Raymond v. Kuhns*, 2018 Ark. App. 567, 566 S.W.3d 142. Given our standard of review and the special deference we give circuit courts in child-custody cases, we cannot say that the circuit court clearly erred in determining that supervised visitation was in the children's best interest.

James's third point on appeal is that the circuit court erred in its calculation of child support. Specifically, he maintains that the circuit court erred by not taking into consideration "the lack of support from Nakisha during her abandonment of the children from May 2020 to August 2021" and that "[a]ny award for retroactive support should have accounted for both parties' roles in supporting the children up until that point." We decline to address this issue because it is being raised for the first time on appeal. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered. *Tipton v. Aaron*, 87 Ark. App. 1, 185 S.W.3d 142 (2004).

Finally, James argues that the circuit court erred in awarding Nakisha's attorney's fees. As a general rule, attorney's fees are not allowed in the absence of a statute permitting them;

however, a circuit court has the inherent power to award attorney's fees in domestic-relations proceedings. *Hargis v. Hargis*, 2019 Ark. 321, 587 S.W.3d 208. When awarding attorney's fees in a domestic-relations case, the court is not required to conduct an analysis using the *Chrisco*[2] factors or make any particular findings. *Tiner v. Tiner*, 2012 Ark. App. 483, at 16, 422 S.W.3d 178, 187. Rather, in domestic-relations cases, where the court is intimately acquainted with the record and the quality of services rendered, we have held that the circuit court is in a better position than we to evaluate the services of counsel and observe the parties, their level of cooperation, and their obedience to court orders. *Hudson v. Hudson*, 2018 Ark. App. 379, at 7, 555 S.W.3d 902, 906. This court will not disturb a circuit court's decision regarding attorney's fees absent an abuse of discretion. *Vice v. Vice*, 2016 Ark. App. 504, at 10, 505 S.W.3d 719, 725.

Here, James does not cite any legal authority in support of his argument that the court's award was unwarranted. This court may refuse to consider an argument when the appellant fails to cite any legal authority, and the failure to cite authority or make a convincing argument is sufficient reason for affirmance. *Jewell v. Fletcher*, 2010 Ark. 195, at 24, 377 S.W.3d 176, 191 (citing *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001)). Thus, we affirm the circuit court's order directing James to pay $2000 for Nakisha's attorney's fees.

Affirmed.

---

[2]*Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

6

GRUBER and MURPHY, JJ., agree.

*Law Office of Shannon Briese, PLLC*, by: *Shannon Briese*, for appellant.

One brief only.