Deborah Jean VANZANT *v.* James D. PURVIS

CA 95-738                                      927 S.W.2d 339

Court of Appeals of Arkansas
Division I
Opinion delivered August 21, 1996

*The Legal Clinic*, by: *Aaron L. Squyres*, for appellant.

*Mary E. Green, P.A.*, for appellee.

JOHN F. STROUD, JR., Judge. Deborah Vanzant appeals from the trial court's denial of her motion to vacate an order granting James Purvis's petition for a change of custody of the parties' minor children. She claims that the trial court erred in finding that she was represented by counsel and that she had been properly served with notice of the petition for change of custody. She also alleges that the trial court erred in refusing to grant a new trial. We agree and reverse.

On August 3, 1988, the District Court of Harrison County, Texas, entered a final decree of divorce, granting an absolute divorce to the parties. The decree granted custody of the parties' minor children to the appellant and ordered the appellee to pay child support in the sum of ninety-five dollars per week.

As a result of the appellee's failure to pay child support as ordered pursuant to the parties' final decree of divorce, the appellant became a recipient of Aid to Families with Dependent Children (AFDC) benefits and subsequently assigned her support rights to the State of Arkansas. On June 16, 1992, an order of registration was entered by the Chancery Court of Washington County, Arkansas, registering the divorce decree. On July 30, 1993, a petition for citation for contempt was filed by the State of Arkansas, Department of Finance and Administration, Division of Revenue, *ex rel.* Deborah Jean Purvis against James D. Purvis, alleging that Mr. Purvis had failed to pay his child-support obligation and had incurred an arrearage in the amount of $18,565.00 as of June 30, 1993. The State also alleged that he should be held in contempt of court as a result of his failure to pay his child-support obligation, and the State should be entitled to a judgment on the total arrearage including a reasonable attorney's fee and costs of the filing of the action.

The petition for citation of contempt was served on the appellee on September 3, 1993, and he subsequently filed a response to the petition for citation of contempt and a counterpetition asking that custody of the parties' minor children be awarded to him. A

summons on the counterpetition for change in custody was prepared and filed with the court but was never served upon the appellant.

On September 7, 1993, the appellant wrote a letter to the Office of Child Support Enforcement advising that her case should be closed "as of today." She was moving to Colorado and left a forwarding address of P.O. Box 26235, Colorado Springs, Colorado 80936. On September 23, 1993, George Butler, the attorney for the Arkansas Child Support Enforcement Unit, filed an answer to counterpetition on behalf of the appellant, denying those material allegations contained in the appellee's counterpetition for change in custody. On September 23, 1993, the attorney for the Child Support Enforcement Unit sent a letter to the appellant at 741 Morningside Drive #3, Fayetteville, Arkansas 72701, with a copy of the answer to counterpetition and a letter advising her that she would need to obtain another attorney to represent her in the matter of child custody.

On October 13, 1993, the Chancery Court of Washington County, Arkansas, entered an order dismissing the petition for citation of contempt on the appellee's motion. On October 6, 1993, the attorney for the Arkansas Child Support Enforcement Unit sent a letter to the appellant at P.O. Box 26235, Colorado Springs, Colorado 80936, advising her that a custody hearing had been scheduled for November 10, 1993, at 10:00 a.m. in the Washington County Courthouse. The letter further advised that the Office of the Child Support Enforcement Unit would not be able to represent her in the matter and that she would need to obtain private counsel. On November 10, 1993, a trial on the merits was held in the Chancery Court of Washington County, Arkansas, on the appellee's counterpetition for change in custody. The appellee appeared in person and by counsel. The appellant did not appear although the attorney for the Arkansas Child Support Enforcement Unit did appear to make a statement to the court. He advised the court that the appellant was not present and in fact had, by letter dated September 7, 1993, asked his office to close her case. He further stated that she had not given him authority to represent her in this matter although he did file an answer to the counterclaim. The court recognized his representation and advocacy to the extent stated and recognized his reply to the counterpetition for the change in custody. The court further stated that as an individual

attorney and as attorney for the Child Support Enforcement Unit, he did not have authority to represent Ms. Vanzant on the counterpetition. Subsequently, evidence and testimony was taken by the court, the appellee was found to have presented a prima facie case for change of custody, and the court granted the appellee custody of the parties' minor children. The attorney for the Arkansas Child Support Enforcement Unit offered no defense, made no cross-examination of any witnesses, and in fact left the courtroom prior to the completion of testimony.

On December 13, 1993, the Chancery Court of Washington County, Arkansas, entered an order and judgment granting judgment in favor of the Arkansas Child Support Enforcement Unit against the appellee in the sum of $3,000.00 for past due child support as of November 30, 1993. The Court further found that this sum did not include any "non-AFDC" arrears and directed the appellee to pay the sum of $25.00 per month until paid in full.

On November 13, 1993, the appellee appeared at appellant's residence in Colorado Springs, Colorado, and took custody of the parties' minor children pursuant to the order of the Chancery Court of Washington County, Arkansas.

On August 15, 1994, the appellant, acting pro se, filed a motion for change of custody in the Chancery Court of Washington County, Arkansas, asking that the custody of the parties' minor children be awarded to her. On January 5, 1995, appellant filed a motion to vacate in the Chancery Court of Washington County, Arkansas, asking that the order entered on November 10, 1993, granting custody of the parties' minor children to the appellee be vacated and a new trial on the merits be set on the appellee's counterpetition for change in custody.

On March 21, 1995, the court denied the motion, finding that the appellant was represented by George Butler in the former proceeding regarding modification of custody and that she was not denied representation before or at the time of the hearing on November 10, 1993.

The appellant's argument on appeal is that the trial court erred in finding that appellee's service of the counterpetition on George Butler, attorney for the State of Arkansas Child Support Enforcement Unit, was sufficient. She argues that the trial court's finding that she was represented by Mr. Butler is incorrect and that it was

error for the trial court to deny her motion to vacate the order.

It is undisputed that the appellee served the counterpetition on Mr. Butler and not on the appellant. The appellant contends that she never received notice of the hearing which was held on November 10, 1993, and that the appellee was required to serve her personally. The appellee claims that service on Mr. Butler was proper under Ark. R. Civ. P. 5(b), which provides:

> Whenever under this rule or any statute, service is required or permitted to be made upon a party represented by an attorney, the service shall be upon the attorney unless the court orders service upon the party himself.

Thus, whether service on Mr. Butler was sufficient depends upon whether he represented appellant.

Mr. Butler was the attorney who filed the original petition for contempt against appellee on behalf of the Arkansas Department of Finance and Administration. The scope of his representation is defined by statute. Arkansas Code Annotated § 9-14-210 provides:

> (d) The State of Arkansas is the real party in interest for purposes of establishing paternity and securing repayment of benefits paid and assigned past due support, future support, and costs in actions brought to establish, modify, or enforce an order of support in any of the following circumstances:
>
> (1) Whenever aid under §§ 20-76-410 or 20-77-109 is provided to a dependent child; or
>
> (2) Whenever a contract and assignment for child support services has been entered into for the establishment or enforcement of a child support obligation for which an assignment under § 20-76-410 is not in effect; or
>
> (3) Whenever duties are imposed on the state pursuant to the Uniform Interstate Family Support Act, § 9-17-101 et seq.
>
> (e)(1) In any action brought to establish paternity, to secure repayment of government benefits paid or assigned child support arrearages, to secure current and future support of children, or to establish, enforce, or modify a child support obligation, the Department of Human Services, the Office

of Child Support Enforcement, or both, or their contractors, may employ attorneys.

(2) An attorney so employed shall represent the interests of the Department of Human Services or the Office of Child Support Enforcement *and does not represent the assignee of an interest set out in subsection (d) of this section.*

(3) Representation by the employed attorney shall not be construed as creating an attorney-client relationship between the attorney and the assignee of an interest set forth in subsection (d) of this section, or with any party or witness to the action, other than the Department of Human Services or the Office of Child Support Enforcement, regardless of the name in which the action is brought.

(Emphasis added.)

■ In this case, the appellant executed a contract with the Child Support Enforcement Unit to assign her child-support rights. The State filed its petition pursuant to the statute, indicating in the style of the case that it was filed on behalf of the State. Clearly, Mr. Butler was prohibited, by statute, from representing the appellant, and the trial court's finding that he did represent her was erroneous. Because we find that the trial court erred in finding that the appellant was represented by Mr. Butler, it is clear that service of the counterpetition on him by appellee was not valid service under Ark. R. Civ. P. 5.

■ A judgment rendered without notice to the parties is void. *Sides v. Kirchoff*, 316 Ark. 680, 874 S.W.2d 373 (1994). When there has been no proper service and, therefore, no personal jurisdiction over the defendant in a case, any judgment is void ab initio. *Id.* Thus, the original order changing custody of the parties' minor children to the appellee was void ab initio.

Reversed and remanded for action consistent with this opinion.

PITTMAN and ROGERS, JJ., agree.