Lavon (Hawks) SORY *v.* Bobby Lee WOODALL, Jr.

CA 00-1111 43 S.W.3d 765

Court of Appeals of Arkansas
Division I
Opinion delivered May 2, 2001

*James R. Filyaw*, for appellant.

*Christine Horwart*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this paternity/ child-custody case, Bobby Woodall, is the putative father of two minor children. The appellant is the maternal grandmother of the two children. The mother died on October 5, 1999, during the birth of the younger child. The mother and the appellee were not married but were residing together prior to the mother's death. Appellee moved to Gentry, Arkansas, in December 1999. On April 26, 2000, appellee filed to establish paternity and obtain custody of the two minor children. Appellant, who then had physical custody of the children, was named as a party to that suit. Although appellant was never served and had no notice of a hearing, the trial court entered an order finding appellee to be the children's father and granting him custody. Appellant filed a motion to set aside the judgment, stating that she did not dispute appellee's paternity but that she did not believe it would be in the children's best interest for appellee to be granted custody of them. The trial court denied the motion, and this appeal followed.

Whether to set aside a judgment is a question within the sound discretion of the trial court. *Fazeli v. Barnes*, 47 Ark. App. 99, 885 S.W.2d 908 (1994). We think that the trial court abused its

discretion in the case at bar. Here, appellant had been named as a party, but had never been served and had no notice of a hearing. Furthermore, while appellant's presence at the hearing would have no bearing on the issue of appellee's paternity, it could have had a decisive impact on the question of whether custody of the children should be vested in appellee. Although there is a preference to award custody of a child to a biological parent, this preference is not absolute. *See generally Lloyd v. Butts*, 343 Ark. 620, 37 S.W.3d 603 (2001). The court may grant custody to a biological father whose paternity has been established in a court of competent jurisdiction only on a showing that (1) he is a fit parent to raise the child; (2) he has assumed his responsibilities toward the child by providing care, supervision, protection, and financial support for the child; and (3) it is in the best interest of the child to award custody to the biological father. Ark. Code Ann. § 9-10-113(c); *see Freshour v. West*, 334 Ark. 100, 971 S.W.2d 263 (1998).

 According to the allegations in appellee's own motion, the children were in the custody of appellant. Furthermore, although appellee alleged that it was not in the children's best interest to remain with appellant and that their best interest would be served by placing them in appellee's custody, this was a question of fact that should have been determined after an adversarial hearing. It was appellee's choice to name appellant as a party defendant in this suit, and we note that, although appellant was never served or notified, the chancellor's order specifically directed appellant to relinquish custody of the children. A judgment rendered without notice to the parties is void *ab initio. Vanzant v. Purvis*, 54 Ark. App. 384, 927 S.W.2d 339 (1996). In the absence of any allegation that there was any emergency or exigent circumstances requiring *ex parte* action, and where appellant was a named party, where she had neither been served nor given actual notice of any hearing, where she was the *de facto* custodian of the children, and where the chancellor's order specifically directed her to relinquish custody of the children, we hold that the trial court abused its discretion in denying her motion to set aside the judgment in this case.

Reversed and remanded.

HART and VAUGHT, JJ., agree.