BART F. VIRDEN, Judge
Gary Phillips appeals the Mississippi County Circuit Court's denial of his motion to set aside summary judgment in favor of DeLage Landen Financial Services ("DeLage"). On appeal, Phillips argues that (1) he was entitled to relief pursuant to Rules 55 and 60 of the Arkansas Rules of Civil Procedure ; (2) the circuit court lacked jurisdiction; and (3) the city of Blytheville's ("the city's") original answer denying that DeLage is entitled to judgment inured to his benefit. While the appeal was pending, DeLage filed a motion to dismiss contending that Phillips untimely filed his notice of appeal. We affirm the circuit court's decision and deny the motion to dismiss.
I. Relevant Facts
In 2013, Phillips was the general manager of the Blytheville Waterworks Department ("waterworks"), and he entered into three lease agreements with Memphis Communications Corporation for three copy machines, among other items. On March 2, 2015, DeLage filed a complaint against the city for replevin of personal property and for the remaining payments on the three separate lease agreements for the copiers. On April 16, 2015, the city filed an answer denying responsibility for the defaulted leases, and it attached an incident report detailing Phillips's involvement regarding $ 9,708 missing from the waterworks account. The city stated that the copiers subject to the lease were in the possession of the Arkansas State Police pending an investigation into an alleged fraud in connection with their purchase.
On May 11, 2015, DeLage filed an amended complaint naming the city, waterworks, and Phillips as defendants. DeLage requested $ 99,049.65 for the unpaid lease agreements. In the amended complaint, DeLage asserted that "should it be demonstrated to the Court that Blytheville did not benefit from, use or authorize the lease of the subject property, Phillips has committed an act of conversion by exercising dominion and control over Plaintiff's property adverse to Plaintiff's superior rights in the property." Phillips was served with a copy on May 18, 2015. He did not file a response to the complaint.
*514 On June 5, 2015, the city filed a separate answer in which it claimed that Phillips signed all three leases without authority to do so and that he had used the city's checks to make unauthorized withdrawals on its accounts.
On February 10, 2016, the city and waterworks were served with requests for admissions. Neither the requests for admissions, nor the separate defendants' responses to them were served on Phillips. On September 1, 2016, Phillips was served with DeLage's request for admissions. DeLage requested that Phillips admit or deny that he had no authority to sign the lease agreements for the copy machines, that his name appears on the agreements, that he received the property, that he had not made the payments, that payment was past due, and that the total amount due was $ 99,049.65. Phillips did not respond to the requests for admission.
On October 14, 2016, DeLage filed a motion for summary judgment, requesting that the court dismiss the city and waterworks and hold only Phillips liable. Phillips was served with this motion and did not respond.
On February 7, 2017, the circuit court entered an order for summary judgment. Based on Phillips's failure to answer the amended complaint for replevin and his failure to respond to the request for admissions, the circuit court deemed that Phillips had admitted the following: that his signature was on the three lease agreements at issue, that he did not have the authority to execute the lease agreements on the city's behalf, that he received the leased property, that he had not made the required lease payments, that he was in default on the lease contract, and that the total accelerated amount due on the leases is $ 99,049.65. The circuit court granted summary judgment to DeLage and awarded the past-due amount plus 10 percent postjudgment interest and $ 1,715 in costs and attorney's fees.
On February 27, 2017, Phillips filed a motion to set aside default judgment pursuant to Arkansas Rule of Civil Procedure 55(c). Phillips asserted that "there are multiple issues of fraud and misrepresentation contained in this case file" and that he could present a meritorious defense in the matter. Specifically, Phillips contended that (1) DeLage was not licensed to do business in Arkansas; (2) he was authorized to enter the lease contract; (3) he never converted the copy machines because the city always had possession of them; (4) the copy machines had been returned in almost new or new condition to the leasing agent and DeLage had failed to mitigate damages; and (5) he was never served with the separate defendants' requests for admission and answers to the requests. Phillips asserted that he had proved a meritorious defense to the judgment because the city and waterworks had possession and control of the leased equipment.
On March 13, 2017, Phillips filed an amended motion to set aside judgment in which he argued that the judgment could also been seen as one for summary judgment, and under Arkansas Rule of Civil Procedure 60(c), the circuit court should set aside the judgment. In his amended motion he reiterated the contents of his original motion, and he stated that he did not respond to the initial complaint because he "honestly believed that the City of Blytheville and the Blytheville Waterworks would file responses which would inure to his benefit" and that the separate defendants' indication that Phillips had personal liability in this matter came as a "complete shock[.]" Phillips asserted that the leases named the city as the guarantor and lessee and that as the manager of waterworks, he had authority to enter into *515 the lease agreement. He explained that when he resigned from the position, the copiers were in "brand new condition." Phillips asserted that the judgment against him was a windfall for DeLage, and allowing the judgment to stand constituted a miscarriage of justice. Phillips contended that he could present a meritorious defense because he had been an agent of waterworks and could not be held personally liable on the lease contract.
The circuit court held a hearing on the matter in August 2017, and Phillips chose not to testify at the hearing. The circuit court ordered posthearing briefs regarding the issue of the court's subject-matter jurisdiction over the case. In his brief, Phillips argued that the lease agreement contained a clause that divested the Arkansas courts of jurisdiction. Phillips also reiterated his arguments that he was never served with the separate defendants' requests for admissions or responses; that he had the authority to enter the leases and any contention otherwise was false; that the amount of damages was preposterous; that the city's contention that he personally profited from the lease transactions was untrue; and that the city's contention that it did not benefit from the leases was also false.
On December 27, 2017, the circuit court entered an order denying the motion to set aside the judgment. In the order, the circuit court found that Phillips did not dispute that he was properly served with the amended complaint and with a request for admissions and that he failed to respond to both. The circuit court determined that by not responding to the request for admissions, Phillips admitted that
(a) his signature was on the three lease agreements in question
(b) Phillips did not have the authority to execute said lease agreements on behalf of the City of Blytheville;
(c) Phillips received the leased property;
(d) Phillips has not made all the payments required by the leases;
(e) Phillips is past due and in default; and
(f) The total amount due DLL is $ 99,049.65
The circuit court specified that its order was for summary judgment and not default judgment; thus, Rule 55 of the Arkansas Rules of Civil Procedure was inapplicable. Moreover, the circuit court found that Phillips's request to set aside the summary judgment based on his allegation of fraud or misrepresentation by the opposing party was also without merit. Specifically, the circuit court stated that Phillips should have contested DeLage's claims against him by responding to the complaint, which Phillips admitted he failed to do. The circuit court concluded that Phillips presented no evidence of fraud or misrepresentation and that he failed to cite authority for setting aside a summary judgment "where a defendant has failed to timely challenge factual allegations in a complaint." The circuit court found that Phillips's assertion that he did not discover the false complaints against him until after the allegations were deemed admitted was not credible. The court determined that Phillips's Rule 60(a) claim was unfounded for the same reasons as stated above and that Phillips failed to prove that a miscarriage of justice would occur if the judgment was not set aside. The circuit court noted that a petitioner requesting relief under Rule 60(a) is subject to the ninety-day limitation for obtaining a ruling on the motion and that ninety days had long passed. Finally, the circuit court noted that the forum-selection clause in the lease *516 agreement did not affect its jurisdiction over the case and that "Phillips confuses consent to personal jurisdiction and mutual choice of forum with subject matter jurisdiction so as to deprive this court of the latter." Phillips filed a timely notice of appeal.
II. Points on Appeal
A. Default Judgment v. Summary Judgment
Phillips argues that this appeal "implicates, potentially, two different Rules of Civil Procedure" namely Rule 55 governing default judgments and Rule 60 that sets forth the procedure for setting aside summary judgment. Phillips's argument that "[t]his case has attributes of both a default judgment and a summary judgment" is not well taken, and we affirm the circuit court's determination that its order was for summary judgment.
In Citibank, N.A. v. Carruth , 2015 Ark. App. 704, at 10-11, 2015 WL 8479359, this court performed the following analysis regarding whether an order was for summary judgment or default judgment:
We cannot agree with Carruth's characterization of the summary-judgment order as a default judgment. Although the summary-judgment order stated that Carruth failed to respond to Citibank's summary-judgment motion, the order further stated that, by failing to file a response, Carruth failed to meet proof with proof, failed to demonstrate the existence of a genuine issue of material fact, and therefore that Citibank was entitled to judgment as a matter of law.
...
There is a clear distinction between summary judgment under Rule 56 and a default judgment under Rule 55. Rule 55(a) provides that a default judgment may be entered when a party against whom a judgment is sought has failed to plead or otherwise defend as provided by the rules.... The summary-judgment order was not rendered on the basis of a failure to respond to the complaint, but rather on the basis that Carruth had failed to meet proof with proof and that Citibank was entitled to judgment as a matter of law.
In the instant case, the circuit court determined that Phillips failed to timely respond to the request for admissions; thus, he admitted all allegations, and there was no material question of fact remaining. The circuit court found the following:
5. Accordingly, Separate Defendant Phillips has failed and refused to file an Answer or Response herein within thirty [30] days of service of the Amended Complaint upon him as required by the Arkansas Rules of Civil Procedure. Phillips is in default and the allegations in the Amended Complaint should be deemed admitted by Phillips.
6. Furthermore, Phillips was served with Requests for Admission on September 1, 2016 and Phillips has failed and refused to respond to the Requests. Accordingly, the Requests for Admission are deemed admitted by Phillips as stated in the motion.
7. Phillips has admitted default in failing to respond to both the Amended Complaint and to the Requests for Admissions, there are no genuine issues of material fact to be adjudicated and DLL is entitled to Judgment against Phillips.
The circuit court ordered summary judgment based on Phillips's admission of all allegations against him and all facts asserted by DeLage; thus, Rule 60-and not Rule 55-controls and is the proper basis for our review.
We now turn to Phillips's argument that the circuit court should have granted *517 his amended motion to set aside judgment under Rule 60(a) to prevent a miscarriage of justice. We disagree. Arkansas Rule of Civil Procedure 60(a) states that "[t]o correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Our supreme court has held that the circuit court has broad authority to correct nonclerical mistakes or errors to prevent a miscarriage of justice if the court does so within ninety days of the filing of its decree or order. See Watson v. Connors , 372 Ark. 56, 60, 270 S.W.3d 826, 830 (2008) (holding that "when the error is not a clerical error, it cannot be corrected 'at any time,' but must be corrected within the ninety days provided in Rule 60(a)"). Though Phillips filed his motion within ninety days of the order for summary judgment, the circuit court did not enter the order denying the motion to set aside until ten months after the filing of the order. The circuit court correctly found that "no caselaw has been cited which would authorize a tolling of the ninety (90) day limitation. Consequently, the summary judgment may not be set aside under the provisions of Rule 60(a)." Thus, Phillips's claim for relief under Rule 60(a) is without merit.
Phillips also asserts that the circuit court erred by denying his request to set aside the judgment pursuant to Rule 60(c)(4) for misrepresentation or fraud by an adverse party. Phillips contends that the city's claim that he was acting outside the scope of his duties by signing the leases is false, that the damages calculated by DeLage are "preposterous," that any allegation that he personally profited from the leases is untrue, that any allegation that the city did not benefit from the lease of the copiers is also false, and that the forum-selection clause dictates that the suit be brought in Minnesota; therefore, filing the lawsuit here is a fraud on the court. We hold that the circuit court did not err in denying Phillips's request for relief under Rule 60(c)(4).[1]
After ninety days have elapsed from the entry of judgment, the circuit court's control is limited by Rule 60(c). Dickson v. Fletcher , 361 Ark. 244, 251, 206 S.W.3d 229, 233 (2005). Rule 60(c)(4) provides an extension of the ninety-day time limit to set aside judgment for fraud or misrepresentation by an adverse party. Whether or not the ninety-day period has expired, a defendant moving to set a judgment aside must make a prima facie showing of a valid defense. Ark. R. Civ. P. 60(d). In order to prove fraud, a plaintiff must prove five elements under Arkansas law: (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. Jewell v. Fletcher , 2010 Ark. 195, 377 S.W.3d 176. The party seeking to set aside a judgment on the basis of fraud has the burden of proving fraud by clear, cogent, and convincing evidence, or as our courts have sometimes said, clear, *518 strong, and satisfactory proof. Id. The motion is addressed to the sound discretion of the circuit court. Sory v. Woodall , 73 Ark. App. 344, 43 S.W.3d 765 (2001). Our supreme court has stated that a party is not entitled to relief under Rule 60(c) if diligence has not been exercised in protecting his or her interests. Johnson v. Ark. Prof'l Bail Bond Co. , 2011 Ark. App. 427, 2011 WL 2395104.
The circuit court found that Phillips presented no evidence of fraud or misrepresentation. Instead, the circuit court noted, Phillips simply denied the allegations against him and responded to the requests for admission: "Phillips's argument seems to be that he is entitled to a second opportunity to litigate the allegations in the complaint on the basis of his belated (as far as the record is concerned) contentions they are false." Indeed, Phillips chose not to testify at the August hearing and offered no proof to support his contention of fraud or misrepresentation. On appeal, Phillips reiterates that the city and DeLage falsely claimed that he had no authority to execute the leases, that he personally benefited from the leases, that the city did not benefit from the leases, and that the damages were miscalculated. We agree with the circuit court that Phillips's arguments amount to a response to the request for admissions, and we hold that it did not abuse its discretion by denying his motion to set aside judgment. On this point, we affirm.
B. Jurisdiction
Phillips argues that the circuit court lacked jurisdiction because of the language in the contract allowing Memphis Communication Corporation to hail Phillips into the Minnesota court. The clause sets forth that "[b]oth parties agreed to waive all rights to a jury trial. The Master Agreement and each schedule shall be governed by the laws of Minnesota. You consent to the jurisdiction and venue of the Federal and State courts in Minnesota." Phillips claims that the forum-selection clause in the contract not only constitutes a valid defense to the action against him, it is proof that "bringing this action at all in Arkansas is a fraud on the court[.]" The circuit court correctly found that Phillips confused subject-matter jurisdiction with choice-of-forum agreements. In RMP Rentals v. Metroplex, Inc. , 356 Ark. 76, 81, 146 S.W.3d 861, 864 (2004), our supreme court distinguished the two:
Choice-of-forum clauses in contracts have generally been held binding, unless it can be shown that the enforcement of the clause would be unreasonable and unfair. Nonetheless, the determination of subject-matter jurisdiction is paramount. Parties may by agreement consent to personal jurisdiction in a given court, but subject-matter jurisdiction cannot be conferred merely by agreement of the parties. While a forum-selection clause implies consent as to personal jurisdiction, it cannot confer subject-matter jurisdiction over in rem proceedings.
(Internal citations omitted.)
The language from the lease agreement that the parties "consent to the jurisdiction and venue of the Federal and State courts in Minnesota" does not confer subject matter jurisdiction to Minnesota and its courts. It simply means that the parties agree to be hailed into Minnesota courts if necessary. Phillips's argument has no merit, and we affirm.
C. Common-Defense Doctrine
Phillips argues that the city's original answer inured to his benefit because the city denied that DeLage was entitled to judgment. Phillips briefly touched on the issue of the common-defense doctrine *519 when he argued at the hearing that he should have been served with the city's separate response to the complaint for replevin. Phillips contended that "in the amended complaint, the City of Blytheville responded in which typically a co-defendant's response would inure to his benefit, but he was not provided with that." The circuit court did not rule on whether the common defense doctrine was available to Phillips under these facts; thus, his argument is not preserved for appeal. See Morgan v. Chandler , 367 Ark. 430, 436, 241 S.W.3d 224, 228 (2006).
Affirmed; motion to dismiss denied.
Abramson and Hixson, JJ., agree.

Rule 60(c)(4) extends time to file a motion to set aside judgment and for entry of the order of judgment on the motion past ninety days; thus, Phillips's motion was timely filed, the entry of the order past the ninety-day limit was proper, and the notice of appeal was timely filed. We deny DeLage's motion to dismiss on such basis.