DAVID M. GLOVER, Judge
The Pope County Circuit Court granted summary judgment to appellee MS Wholesale Plumbing, Inc., on behalf of itself and persons similarly situated (MS Wholesale) against appellants Gen-Kal Pipe & Steel Corporation (Gen-Kal) and Eugene Kalsky (Kalsky), jointly and severally, for $ 12,500,000. On appeal, Gen-Kal and Kalsky argue the summary judgment must be reversed as to both of them. Gen-Kal argues (1) Gen-Kal's answer was a nullity, and the circuit court lacked jurisdiction to enter summary judgment against it; (2) as a defaulting defendant, Gen-Kal was not a "party" for requests for admissions; (3) without requests for admissions, there was no evidence in the record to support the $ 12,500,000 in damages; and (4) the circuit court abused its *2 discretion by considering the motion to set aside the judgment under the wrong standard. Kalsky argues (1) his correspondence was not an answer; therefore, he was not subject to summary judgment; (2) his only liability was derivative of Gen-Kal, and if the judgment against it is reversed, then judgment against him must also be reversed; (3) there is no finding to support piercing the corporate veil; and (4) the circuit court abused its discretion by considering the motion to set aside the judgment under the wrong standard. We affirm the circuit court's decision in all respects.
In October 2015, MS Wholesale filed a class-action complaint against Gen-Kal and Kalsky alleging both had violated the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.A.§ 227 (West 2018), by sending a wholly unsolicited facsimile offering steel pipe for sale without the required "Opt-Out Notice" (language stating that the sender's failure to comply within thirty days to a request to stop sending such faxes is unlawful, in violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 ). MS Wholesale prayed that the circuit court enter an order certifying the class-action claims and for judgment in favor of MS Wholesale and the proposed class in the amount of $ 500 for each fax transmission in violation of the TCPA; it requested treble damages for each fax transmission on a finding Gen-Kal and Kalsky had willfully and knowingly violated the TCPA; it sought a jury trial; and it asked for such other relief as was just and equitable under the circumstances. A copy of the fax-transmission document at issue was attached to the complaint.
Timely service of the summons and complaint was obtained on both Gen-Kal and Kalsky. On December 31, 2015, Kalsky sent the following correspondence, on Gen-Kal's letterhead, to both MS Wholesale's counsel and the deputy circuit clerk of Pope County:
Case NO. 58CV-2015-440 MS Wholesale Plumbing vs. Gen-Kal Pipe & Steel Corporation
In response:
1. We take the fax laws seriously in my office.
2. Please see the attached fax consent form. It was faxed to MS Wholesale Plumbing in June 2005. As usual, a lot of companies do not respond to the initial fax. We then follow up with a phone call. That follow up phone call was done 6/28/2005 at which time Bill Srygley gave his verbal permission for us to send the faxes. Please note that the date at the top of the page is printed by the fax machine.
3. If the faxes were so bothersome, why didn't they simply place a phone call to us (toll free number is in the header line of our faxes) and ask to be removed? We also provide a disclaimer at the bottom which gives them the opportunity to opt out.
4. What we are faxing are not junk faxes. We do, in fact, sell a product that plumbing supply companies do use. I would go further on to say that this is why we were given the ok to fax. It sure makes sense.
5. I would like to bill MS Wholesale Plumbing the amount of $ 1000.00 for the time expended on this attempt to extort money from me. This complaint is ridiculous.
6. I respectfully request that this claim against me be dismissed.
Thank you, sincerely,
Eugene Kalsky
In March 2016, MS Wholesale filed a memorandum of law in support of its motion for class certification; an order was entered setting a hearing on that motion.
*3 No response was filed by Gen-Kal or Kalsky, and the circuit court entered an order granting the motion for class certification pursuant to Rule 23 of the Arkansas Rules of Civil Procedure and appointing MS Wholesale as the class representative. A motion to approve the class notice was then filed. Again, no response was filed, and in September 2016 the circuit court entered an order approving the notice. A motion to approve an amended class notice was filed, and the circuit court entered an order granting that request; the notice was published in the December 2016 edition of Supply House Times.
On November 14, 2016, MS Wholesale filed its first set of requests for admission on Gen-Kal and on Kalsky.[1] The requests for admission for both Gen-Kal and Kalsky were identical, posing three requests for admission:
1. Please admit that you sent the fax attached as Exhibit "A" to the Complaint in this matter.
2. Please admit that the fax attached as Exhibit "A" to the Complaint in this matter does not contain the TCPA opt-out disclosures required by law and identified in the Complaint.
3. Please admit that you sent a minimum of 25,000 faxes since October 15, 2011, which do not contain the required TCPA opt-out disclosures required by law and identified in the Complaint.
On February 3, 2017, MS Wholesale filed a motion for summary judgment against Gen-Kal and Kalsky, contending the requests for admission had been deemed admitted pursuant to Arkansas Rule of Civil Procedure 36(a) and had not been disputed in Kalsky's December 31, 2015 letter. MS Wholesale alleged the class was entitled to judgment against both Gen-Kal and Kalsky in the amount of $ 12,500,000, as it was undisputed there were a minimum of 25,000 faxes sent by Gen-Kal and Kalsky in direct violation of the TCPA requirements, and the minimum statutory penalty for every noncompliant fax is $ 500. No response was filed by Gen-Kal or Kalsky to the motion for summary judgment, and neither appeared. On March 17, 2017, an order granting summary judgment was entered, in which the circuit court found:
1. Plaintiffs' Motion for Summary Judgment is hereby granted as the uncontested allegations in the Complaint, as well as the admissions of record filed with the Court, satisfy the elements of Plaintiffs' claims of liability as a matter of law under the TCPA. The Court similarly finds that there is no disputed issue of material fact as to the amount of the statutory penalties called for by the TCPA. Accordingly, summary judgment is entered against the Defendants in this matter Gen-Kal Pipe & Steel Corp. and Eugene Kalsky, jointly and severally in the amount of $ 12,500,000. Further, the Court finds that should any or all of this judgment be collected by the Class Representative and Class Counsel, Class Counsel shall forthwith file a proposal distribution plan for such funds to be distributed to the Class. In the event of such recovery, Plaintiffs' counsel are also directed to file an application for attorney's fees and costs to be deducted from the recovery pursuant to the common benefit fund doctrine. A corresponding Final Judgment will issue.
On the same day, March 17, 2017, a final judgment was entered granting summary judgment and judgment against Gen-Kal *4 and Kalsky jointly and severally for $ 12,500,000, with postjudgment interest to accrue at the rate of ten percent per annum.
In July 2017, Gen-Kal and Kalsky filed a motion to set aside the summary judgment and final judgment. They argued the grant of summary judgment and the $ 12,500,000 judgment constituted a severe miscarriage of justice that should be set aside pursuant to Rules 55 and 60 of the Arkansas Rules of Civil Procedure. Gen-Kal and Kalsky contended that because an answer was never filed, default judgment should have been entered, which should now be set aside pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure due to procedural and evidentiary reasons. Both of them further argued that even if they had answered the complaint and summary judgment was procedurally appropriate, MS Wholesale had failed to establish a factual basis for judgment because the requests for admission were deficient and failed to establish the necessary elements of a claim under the TCPA. They also alleged the judgment should be set aside pursuant to Rule 60 of the Arkansas Rules of Civil Procedure because they did not discover the judgment against them until more than ninety days after it had been entered and were therefore unable to assert their numerous valid defenses. Kalsky filed a supporting affidavit stating that he is the president of Gen-Kal, a New Jersey corporation; that he wrote the December 31, 2015 letter after receiving a copy of the class-action complaint; that he did not intend for his letter to serve as an answer to the complaint for either himself or Gen-Kal but rather to provide evidence that the fax at issue was sent with MS Wholesale's permission, which permission from June 2005 has not been withdrawn; that he did not send, direct the sending of, or create the fax at issue in the case; and that he did not discover the judgment entered jointly against him and Gen-Kal until more than ninety days after it was entered.
MS Wholesale responded to Gen-Kal and Kalsky's motion to set aside the judgment, arguing the motion was procedurally barred by Rule 60(c)(1) of the Arkansas Rules of Civil Procedure, as the final order of summary judgment was entered on March 17, 2017, was not appealed, and there were no grounds to set it aside after ninety days. MS Wholesale contended that not only did Gen-Kal and Kalsky have actual notice of the case, there was a specific finding in the order granting summary judgment that they were given actual notice of the hearing and declined to appear. In support, MS Wholesale provided the certified mail receipt that indicated Gen-Kal and Kalsky had received the final judgment on June 12, 2017, eighty-seven days after entry of the judgment. MS Wholesale finally argued that because the case was resolved on summary judgment, Rule 55 of the Arkansas Rules of Civil Procedure was inapplicable.
On September 22, 2017, a hearing was held on the motion to set aside judgment. Gen-Kal and Kalsky appeared by counsel and argued the judgment should be set aside pursuant to Rule 60. They contended summary judgment was inappropriate based on the pleadings before the court, and Kalsky's letter should not have been deemed to be an answer. Regarding the requests for admission, they argued they were not specific enough to grant summary judgment for $ 12,500,000, namely, because it was not established whether the faxes were unsolicited, a requirement to prove a violation of the TCPA. As to Gen-Kal, they argued Kalsky's letter could not be considered an answer as a matter of law because Gen-Kal is a corporation and cannot be represented by a nonlawyer, and there must be an answer to proceed to summary judgment. Addressing the class, *5 they argued the class was not objectively ascertainable. They also asserted they had a meritorious defense.
In response, MS Wholesale pointed out that when the motion to set aside the judgment was originally filed, Kalsky's argument was that he did not learn about the judgment until more than ninety days after it was entered, but that argument was untrue and had to be abandoned. MS Wholesale argued that Gen-Kal and Kalsky asserted fraud had been perpetrated on the court; however, Gen-Kal was, in actuality, making a sufficiency argument, which had not been raised in a timely appeal from the grant of summary judgment. Regarding the issue of whether Kalsky's letter was an answer, MS Wholesale argued they "missed the big picture" because they had never argued the corporation was not properly served; that once a party is properly served, discovery can be served regardless of whether an answer or other pleading is filed; that requests for admission can be utilized even if a party does not file an answer; and that the requests for admission will still be deemed admitted if they are unanswered, specifically here, regardless of whether Gen-Kal filed an answer. MS Wholesale also pointed out that the issue of class certification was immediately appealable but that the order had not been appealed. Finally, it asserted Gen-Kal and Kalsky did not have a meritorious defense.
After the hearing, the circuit court entered an order on the same day, September 22, 2017, taking the matter under advisement. This order allowed Gen-Kal and Kalsky to post a commercial bond of $ 250,000 should they wish to stay execution of the judgment. On October 19, 2017, the circuit court entered an order denying the motion to set aside the summary judgment, finding both parties filed an answer to the complaint on or about December 31, 2015, and both were therefore aware of the matter pending against them, the allegations being made, and the relief being requested. In its order, the circuit court set out the history of the case: Gen-Kal and Kalsky failed to respond to the motion for class certification; they did not respond to the motion for summary judgment or appear at the hearing on that motion; the summary-judgment motion was granted; they had knowledge of the summary judgment prior to ninety days after the filing of the judgment; their motion to set aside judgment was filed 119 days after summary judgment was filed; and they failed to show summary judgment was obtained by fraud or that any other ground for setting aside a nondefault judgment after ninety days under Rule 60 was present. On November 16, 2017, Gen-Kal and Kalsky filed a notice of appeal.[2]
Is a Valid Answer Necessary to Vest Subject-Matter Jurisdiction to Enter Summary Judgment?
Gen-Kal and Kalsky contend Kalsky's letter could not serve as an answer for Gen-Kal because Kalsky is not an Arkansas attorney, making the answer a nullity as to Gen-Kal, thereby denying the circuit court jurisdiction over Gen-Kal sufficient to enter summary judgment against it. MS Wholesale insists this argument is legally incorrect, asserting that the filing of a valid answer has nothing to do with jurisdiction and that a valid answer is not necessary to vest subject-matter jurisdiction *6 to enter summary judgment. MS Wholesale is correct.
A case is commenced by filing a valid complaint with the clerk of the court. Ark. R. Civ. P. 3(a). The commencement date is contingent on the timely service of the summons and complaint on the defendant. Forrest City Mach. Works, Inc. v. Lyons , 315 Ark. 173, 866 S.W.2d 372 (1993). Service of valid process is necessary to give a court jurisdiction over a defendant. Smith v. Sidney Moncrief Pontiac, Buick, GMC Co. , 353 Ark. 701, 120 S.W.3d 525 (2003). First, neither Gen-Kal nor Kalsky argue they were not properly served. Likewise, they do not argue the issues set forth in the complaint were not within the circuit court's power to adjudicate. Importantly, "A party seeking to recover upon a claim ... may, after the expiration of 20 days from the commencement of the action ... move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." Ark. R. Civ. P. 56(a). Rule 56 does not require that an answer be filed prior to summary judgment is sought. Additionally, subsection (c)(2) provides, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion." The pleadings, orders, and requests for admission were all served on both defendants in compliance with Arkansas Rule of Civil Procedure 5(a).
Our court's decision in Phillips v. DeLage Landen Financial Services , 2019 Ark. App. 44, 571 S.W.3d 512, supports both MS Wholesale's position on this point and our decision. Phillips did not file a response to DeLage's complaint and did not respond to requests for admission. DeLage filed a motion for summary judgment; Phillips was served with that motion and did not respond; and summary judgment was granted. Phillips filed motions to set aside the judgment under Rule 55 and under Rule 60 ; the circuit court, specifying its order was for summary judgment, denied Phillips's motion to set aside the judgment, holding Phillips should have contested the claims against him by responding to the complaint, which he failed to do. In affirming the circuit court's decision, our court held that because Phillips failed to timely respond to the requests for admission, he admitted all the allegations, there was no material question of fact remaining, and summary judgment was proper as a matter of law.
Gen-Kal and Kalsky likewise failed to timely respond to MS Wholesale's requests for admission to each of them, thereby admitting the following: they sent the one fax at issue; the fax did not contain the TCPA opt-out disclosures required by law and identified in the complaint; and a minimum of 25,000 other noncompliant faxes had also been sent since October 15, 2011. The $ 12,500,000 judgment was, therefore, determined as follows: $ 500 (minimum fine for each fax transmission) multiplied by 25,000 (noncompliant faxes sent). Gen-Kal and Kalsky failed to meet proof with proof; accordingly, no material question of fact remained, summary judgment was proper, and the circuit court had subject-matter jurisdiction to enter the summary judgment. Due to our disposition on this issue, it is unnecessary to address whether Kalsky's letter was an answer or if MS Wholesale pierced the corporate veil, both of which were addressed in appellants' brief and at oral argument.
Rule 55 versus Rule 60
Gen-Kal and Kalsky argue on appeal the circuit court abused its discretion *7 in considering the motion to set aside the judgment under the more stringent Rule 60 standard instead of the more liberal Rule 55(c) standard. At the hearing to set aside the summary judgment, Gen-Kal and Kalsky directed the circuit court to consider only Rule 60 and argued the judgment be set aside pursuant to that rule. They made no argument the judgment should be set aside under Rule 55(c). These facts were confirmed upon inquiry during oral argument before our court. Responsively, MS Wholesale, too, confirms the circuit court analyzed the motion to set aside the judgment under the very rule argued by Gen-Kal and Kalsky- Rule 60. Gen-Kal and Kalsky cannot now change their argument and contend the motion should have been set aside under Rule 55(c). Our appellate courts will not consider arguments made for the first time on appeal; parties are bound by the scope and nature of the arguments made to the circuit court. Brown v. Lee , 2012 Ark. 417, 424 S.W.3d 817.
Affirmed.
Gladwin and Vaught, JJ., agree.

MS Wholesale previously propounded interrogatories and requests for production of documents to Gen-Kal in March 2016, to no avail.

Gen-Kal filed a motion on November 15, 2017, stating it had filed for Chapter 11 bankruptcy on October 24, 2017, and arguing that pursuant to the automatic stay, no further action should be taken against it until further notice. An order dismissing the bankruptcy case was filed on January 2, 2018.