Cite as 2023 Ark. App. 243

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-332

SCOTT BOCKHOLT

APPELLANT

V.

STATE OF ARKANSAS, OFFICE OF
CHILD SUPPORT ENFORCEMENT EX
REL. ADDIE CELESTA BOCKHOLT

APPELLEE

Opinion Delivered April 26, 2023

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. 04DR-10-851]

HONORABLE XOLLIE DUNCAN,
JUDGE

APPEAL DISMISSED

**KENNETH S. HIXSON, Judge**

This is a child-support modification case. Appellant Scott Bockholt appeals from a March 1, 2022 order wherein the trial court denied Scott's motion to vacate an agreed order modifying child support that had been entered on September 23, 2021. Scott also appeals from a March 3, 2022 order wherein the trial court amended its prior findings in the September 23, 2021 order with respect to back child support and costs and fees. On appeal, Scott argues that the trial court erred in finding that the parties had reached an agreement as to his income, the amount of child support, and the modification date as reflected in the September 23, 2021 agreed order. Scott further argues that his counsel lacked the authority to bind him to an agreement during the settlement negotiations. We dismiss the appeal because the trial court lacked jurisdiction to enter the March 1 and 3, 2022 orders. Pursuant

to our dismissal, the March 1 and 3, 2022 orders are vacated, and the September 23, 2021 order is reinstated.

Addie Celeste Bockholt was awarded primary custody of Scott and Addie's three children, and Scott was ordered to pay weekly child support of $97. Appellee Arkansas Office of Child Support Enforcement ("OCSE")[1] subsequently filed a petition to modify Scott's child-support obligation based on an increase in his income. A hearing on the matter was set for September 7, 2021. However, no hearing was held on that date, and the parties instead engaged in several hours of settlement negotiations. Based on these negotiations, OCSE's counsel believed that a settlement had been reached, and he drafted an agreed order later that day.

On the late afternoon of September 7, 2021, OCSE's counsel sent Scott's counsel an email with the agreed order attached. The email stated, "Well here it is. Let me know." When OCSE received no response, another email was sent to Scott's counsel on September 13 with the agreed order attached. That email stated, "Do we have any progress on getting this Order back?" Finally, on September 23, OCSE's counsel sent an email to the trial court—on which Scott's counsel was copied—that stated:

> Attached is an order for the above case. This matter was set on September 7th. The matter was settled. I forwarded the order to [Scott's counsel] on September 7th for his review and his client's review. I have not heard back from [Scott's counsel] as of this date. I am requesting the order be entered at this time.

---

[1]Addie assigned her child-support rights to OCSE.

2

Based on the agreed order submitted by OCSE's counsel, the trial court entered an agreed order modifying child support on September 23, 2021. In that order, the trial court found that Scott had personally appeared at the scheduled hearing with his counsel and that, prior to convening a hearing, the parties settled the matter. Pursuant to the agreement of the parties, the trial court found that Scott's income was $9697 a month and that Addie's income was $6814 a per month. The trial court then went through all the calculations that had been provided by OCSE's counsel on the child-support worksheets and made these findings regarding child support. The trial court ordered the modification effective beginning on May 27, 2019, and ordered Scott to pay $1546 in monthly child support from that date until August 27, 2019, after which one of the three children had reached the age of majority. The trial court ordered that, beginning on September 27, 2019, Scott's child-support obligation was $1308 a month. The order provided, "To the extent the modification creates a back-support obligation, [Scott] is ordered to pay an additional sum of $300 per month to the back-support amount beginning September 27, 2021, and on the twenty-seventh day of each month thereafter until that support is paid in full." The trial court also ordered Scott to pay $552.50 in costs and fees.

On October 21, 2021, Scott filed a motion to vacate the September 23, 2021 order and for a new trial. In his motion and accompanying brief, Scott acknowledged that after the settlement negotiations on September 7, 2021, the parties notified the trial court that a settlement had been reached, or was very close to being reached, and that the trial could be taken off the docket. Scott, however, asserted that no agreement had been signed, that he

never approved the proposed agreed order, and that there was no mutual agreement or meeting of the minds as to the amount of child support or other material terms of the alleged agreement. Scott premised his motion on Rules 59[2] and 60 of the Arkansas Rules of Civil Procedure. Scott argued that the September 23, 2021 order should be vacated under Rule 60(a), which provides, "To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk."

On February 22, 2022, the trial court held a hearing on Scott's motion. Several witnesses testified. Scott's trial counsel, Billy Bob Webb,[3] testified that during his settlement negotiations with OCSE's counsel on September 7, 2021, they performed calculations on various worksheets and eventually reached an agreement on the calculations for Scott's income and the child support. However, he stated that although Scott "begrudgingly" agreed to the final numbers, Scott told attorney Webb that he wanted to see the order and for his counsel not to agree to it until he saw it. In Scott's testimony, he stated that he never saw the proposed agreed order until it was entered and that there was never any agreement

---

[2]To the extent Scott's motion relied on Rule 59, it was untimely. Rule 59, which governs motions for new trial, provides in subsection (b) that the motion shall be filed not later than ten days after the entry of judgment, and Scott's motion was filed twenty-eight days after the trial court entered the agreed order.

[3]Scott's trial counsel was replaced by another attorney prior to the filing of Scott's motion to vacate and for new trial.

reached. Patrick Lewis, a third-party attorney representing Scott's employer, attended the September 7 settlement negotiations and testified that, although there was not a signed agreement when the parties left the courthouse that day, and nothing was read into the record, there was a verbal agreement that the case had been resolved. Attorney Lewis stated that "everybody shook hands" and that there was no doubt in his mind that a settlement had been reached. Finally, OCSE presented the testimony of its administrative assistant, Kellye Key, who was present during the settlement negotiations and took notes. Key testified that in her notes, she documented the parties' final agreement as to Scott's income, the amount of child support to be paid, and the start date of May 27, 2019 for the modification to take effect. Key testified that attorney Webb took these figures to Scott, and when he returned, he stated that they had a settlement. Key testified that there was no doubt in her mind that the case had settled and that she assisted counsel for OSCE in preparing the agreed order that was later entered by the trial court. However, all the witnesses at the hearing agreed that the parties never reached any agreement regarding how back child support would be paid or the specific amount of costs and fees Scott would pay.

On March 1, 2022, the trial court entered an order denying Scott's motion to vacate the September 23, 2021 agreed order. The trial court found that the testimony presented at the hearing established that the parties had entered into a binding agreement as to Scott's income, the amount of child support, and the date on which the modification was effective. However, the trial court also found that the parties did not specifically agree on the method for paying the back child support or costs and fees that Scott would pay. The trial court

therefore set aside only the provisions of the September 23, 2021 agreed order pertaining to those issues, and it scheduled a hearing on those issues. After taking testimony at the ensuing hearing relative to these issues, the trial court entered another order on March 3, 2022. In its March 3 order, the trial court found that the total amount of back child support Scott was obligated to pay as a result of the modification's effective date was $30,962 and that, in addition to his regular monthly child-support obligation, Scott was ordered to pay an additional $192 in monthly back child support until the back child support was paid. In the March 3 order, the trial court also ordered Scott to pay $719.25 in costs and fees.

On appeal from the March 1 and March 3, 2022 orders, Scott argues that the trial court erred in not vacating the September 23, 2021 agreed order in its entirety because the parties never reached an agreement as to his income, the amount of child support, and the modification date that are reflected in the September 23, 2021 agreed order. Scott further argues that his counsel lacked the authority to bind him to an agreement during the settlement negotiations. However, we are unable to reach the merits of Scott's argument because we conclude that the trial court lacked jurisdiction to enter the March 1 and March 3, 2022 orders more than ninety days after the September 23, 2021 agreed order had been entered.

Scott filed his motion to vacate the September 23, 2021 agreed order and for new trial on October 21, 2021, which was twenty-eight days after the agreed order was filed. In his motion, Scott attempted to invoke Arkansas Rule of Civil Procedure 59, but that was ineffective because under Rule 59(b), such a motion must be filed no later than ten days after

6

entry of the order being challenged. The only other rule relied on by Scott in his motion was Rule 60(a), which provides that a court may modify or vacate a judgment within ninety days of its having been filed with the clerk to correct errors or mistakes or to prevent a miscarriage of justice. However, although Scott filed his motion to vacate within ninety days of the September 23, 2021 order, the trial court did not enter the order denying Scott's motion until March 1, 2022, which was well beyond the ninety-day limit.

A trial court may modify or set aside its order beyond the ninety-day limitation contained in Rule 60(a) if the specifically enumerated conditions listed in Rule 60(c) exist. *Browning v. Browning*, 2011 Ark. App. 714. After ninety days, without the showing of one of the exceptions listed in Rule 60(c), a court has no power to modify or set aside an order. *Id.* Although the court has continuing jurisdiction to modify child support and custody orders, the moving party must demonstrate a change in circumstances requiring modification. *Id.*

Here, Scott did not plead a ground that would have allowed the trial court to modify or vacate the September 23, 2021 order after ninety days had elapsed. Because both the March 1 and 3, 2022 orders were entered outside of the ninety-day limitation period, the trial court lacked jurisdiction to enter either of these orders. *See id.*; *see also Phillips v. DeLage Landen Fin. Servs.*, 2019 Ark. App. 44, 571 S.W.3d 512 (holding that even though appellant filed his Rule 60(a) motion within ninety days, the trial court lacked authority to act on the motion beyond the ninety-day limitation). Additionally, the trial court's continuing jurisdiction over child-support cases was not invoked, nor does Scott claim that it was. In Scott's October 21, 2021 motion, he contended that the September 23 order should be

7

vacated to correct errors or mistakes and to prevent the miscarriage of justice; he did not state that circumstances had changed such that modification was required.

We hold that because the trial court was without jurisdiction to modify or vacate the September 23, 2021 order outside of ninety days, the trial court's March 1 and 3, 2022 orders are void. Therefore, we vacate the March 1 and 3, 2022 orders; we reinstate the September 23, 2021 order; and we dismiss this appeal.

Appeal dismissed.

VIRDEN and THYER, JJ., agree.

*Kevin L. Hickey*, for appellant.

*Gil Dudley*, Arkansas Department of Finance & Administration, Office of Child Support Enforcement, for appellee.