Cite as 2025 Ark. App. 156

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-116

| | |
|---|---|
| LESTER KEITH HAMAKER<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>DONNA LOUISE HAMAKER<br><div align="right">APPELLEE</div> | Opinion Delivered March 12, 2025<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-22-90]<br><br><br>HONORABLE JOE GRAHAM, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

This appeal stems from the Garland County Circuit Court's final order of protection against appellant Lester Hamaker ("Lester") and in favor of appellee Donna Hamaker ("Donna"). Lester appeals from the circuit court's order denying his motion to reopen the case and request for criminal referral and/or request for Donna's health referral and evaluation. On appeal, Lester contends that the circuit court erred by quashing the subpoena duces tecum requesting Donna's medical records and by refusing to reopen the case due to Donna's alleged fraud. We affirm.

## I. *Background Facts*

On February 17, 2022, Donna filed a petition for an order of protection against her husband, Lester. In the petition, Donna requested an ex parte order of protection excluding Lester from sharing a residence with her and from four other residences. In her affidavit,

Donna alleged several instances of abuse involving Lester, including, but not limited to, spanking Donna with a belt; slapping her face; throwing a phone and hitting Donna's face; hiding her car keys; forcing Donna down to the floor and causing bruising on her upper arm; and instances of verbal abuse. As a result, the circuit court entered an ex parte order of protection on February 18. The ex parte order excluded Lester from Donna's residence and also prohibited him from three other locations, including the parties' two adult sons' residences.

After being served with the petition and ex parte order of protection, Lester's counsel filed an entry of appearance and a motion for continuance, which was granted by the circuit court. On April 12, the circuit court held a hearing on Donna's petition. Both parties were represented by counsel. Lester's attorney announced at the hearing that the parties had come to an agreement, and Donna's counsel read the terms of the agreement into the record. The agreed terms were for the order of protection to be in place for a period of three years, and in addition to the four addresses identified in Donna's petition, Donna's counsel listed five other addresses that were included under the order. When the court asked whether Lester agreed to all the prohibited locations, his counsel responded, "Yes, your Honor." Furthermore, the court explained the consequences should Lester violate the order by contacting Donna or being at any of the addressed identified in the protective order. Lester verbally acknowledged that he understood the terms of the protective order. Accordingly, the final order of protection was entered on April 26.

On April 27, Lester filed an objection to the final order, asserting that it included terms that were not within his understanding of the agreement. Thereafter, Lester filed a motion to reopen the case and a request for criminal referral or, alternatively, a request for health referral and evaluation. In his pro se motion, Lester maintained he was in possession of video and "audio acknowledgments" proving that Donna was untruthful in her affidavit. He also argued there was no "meeting of the minds" regarding all the addresses included in the order; that the agreement was made under duress; and that Donna's allegation regarding having to seek medical treatment for migraines as a result of verbal altercations with Lester could be proven false by obtaining Donna's medical records from October to December 2021. Lester requested that the circuit court order Donna to produce the requested medical records or "order a health referral for counseling and evaluation."

In response, Donna argued that Lester's motion was untimely and contrary to the terms of the agreed order. Donna also moved to quash subpoena, asserting that the requested medical documents were not reasonably calculated to lead to the discovery of any relevant information and that the circuit court lacked jurisdiction to grant Lester's motion after the final—and agreed—order of protection was entered.

On November 1, the circuit court held a hearing on Lester's motions. The circuit court found that valid negotiations between the parties—before the final order of protection was entered—took place, and Lester was represented by counsel and agreed to the terms in court. Additionally, the court held that Lester had not shown any fraud on Donna's part, and the only meritorious defense presented was Lester's word that the conduct described in

3

Donna's allegations did not occur. Accordingly, the circuit court entered its order on February 14, 2023, denying the motions. Lester filed his notice of appeal on November 14, 2022, and designated the entire record on appeal. This appeal followed.

## II. *Standard of Review*

Our standard of review in domestic-relations cases is well settled. This court reviews domestic-relations cases de novo but will not reverse the circuit court's findings unless they are clearly erroneous *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.*

## III. *Discussion*

On appeal, Lester contends he raised several grounds sufficient to support the circuit court's setting aside the order of protection. Specifically, he alleges that Donna committed felony misconduct by filing a false affidavit; that there was no "meeting of the minds" as to all terms of the order of protection; and that the terms of the order were unconscionable and agreed to under duress. He also asserts the defense of unclean hands. Lester argues that the circuit court clearly erred by considering only his claim that Donna committed a fraud upon the court. We disagree.

While Lester refers to his request as a motion to reopen the case, it is essentially a motion to vacate the order of protection; thus, it is governed by Rule 60 of the Arkansas

4

Rules of Civil Procedure. Under Rule 60, a circuit court may modify or vacate a final order within ninety days of the filing of the order with the clerk to correct errors or mistakes or to prevent the miscarriage of justice. Ark. R. Civ. P. 60(a) (2024). A circuit court may correct clerical mistakes in a final order at any time—even beyond ninety days of its entry. Ark. R. Civ. P. 60(b). Absent a clerical error, oversight, or omission, however, the circuit court may not modify or amend a final order more than ninety days after entry unless one of the exceptions in Rule 60(c) applies. *See In re Guardianship of Pitts*, 2021 Ark. App. 250, 627 S.W.3d 426. Here, Lester filed his motion within the ninety days; however, the court did not modify or set aside the final order of protection within the ninety-day limitation. Thus, the final order of protection could be set aside only if one of the enumerated conditions in Rule 60(c) applied.

Rule 60(c) provides the specific, exclusive circumstances in which the court has the power—after the expiration of ninety days from the filing of the order—to vacate or modify the order. None of Lester's arguments for setting aside the order fall under Rule 60(c) other than his allegation that Donna committed fraud upon the court. *See* Ark. R. Civ. P. 60(c)(4). To set a judgment aside, the party moving to do so must make a prima facie showing of a valid defense. The party seeking to set aside a judgment on the basis of fraud has the burden of proving fraud by clear, cogent, and convincing evidence or, as our courts have sometimes said, clear, strong, and satisfactory proof. *Phillips v. DeLage Landen Fin. Servs.*, 2019 Ark. App. 44, 571 S.W.3d 512. The motion is addressed to the sound discretion of the circuit court. *Sory v. Woodall*, 73 Ark. App. 344, 43 S.W.3d 765 (2001). Our supreme court has stated that

5

a party is not entitled to relief under Rule 60(c) if diligence has not been exercised in protecting his or her interests. *Johnson v. Ark. Prof'l Bail Bond Co.*, 2011 Ark. App. 427. Therefore, Lester's argument that the circuit court erred by limiting the hearing as well as its consideration of his motion to the allegations of fraud lacks merit.

Moreover, Lester did not—and simply cannot—prove that the final order of protection was obtained because of Donna's fraud upon the court since there was no hearing on the merits of Donna's petition. Rather, negotiations took place between Donna and Lester—both of whom were represented by counsel—and the parties came to an agreement as to the terms of the agreed order before the hearing. Accordingly, the circuit court denied Lester's request to set aside the order, holding as follows:

> [Lester] was served with a Petition for Order of Protection and an Ex-Parte Order. He hired private counsel to represent him and he was able to read every allegation against him, at which point he knew whatever he now claims as false at that time. [Lester] seems to place emphasis on fraud he alleges as to [Donna's] representations made in the initial filing, which is before he agreed to the Order of Protection. The Court does not find that it is proper for this particular proceeding. The alleged fraud is definitely intrinsic to the nature of the proceeding, and [Lester] had counsel before he agreed to the Final Order of Protection.

Regarding Lester's allegations that he agreed to the final order only because Donna threatened to file criminal charges for violations of the no-contact order, the court held that even if Donna had used that threat during negotiations, it was not fraudulent because she "did not make up the criminal violation," and Lester accepted the terms of the agreement while represented by counsel. In conclusion, the court found that the only meritorious

defense Lester set forth was his own word that the alleged conduct did not happen; therefore, he did not meet his burden of proving that the order was obtained by fraud.

We find no error in the circuit court's denial of Lester's motion to set aside the final order of protection. As detailed above, when the circuit court set out the terms of the order, it specifically asked Lester if he agreed to and understood the terms, and Lester responded affirmatively. Furthermore, it is well settled under the doctrine of invited error that an appellant may not complain on appeal that the circuit court erred if the appellant induced, consented to, or acquiesced in that action. *See Hopper v. Hopper*, 2023 Ark. App. 504, 678 S.W.3d 602.

Additionally, we find no error in the circuit court's decision to quash the subpoena for Donna to produce her medical records at the hearing. Lester's assertion that the circuit court prevented him from fully developing the case by not requiring Donna to produce records that "clearly demonstrated her commission of both fraud and felony perjury" is misguided. The grant or denial of a motion is within the sound discretion of the circuit court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Davis v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 240, 687 S.W.3d 827. Here, the circuit court held that Lester's allegations of fraud concerning the representations Donna made in her initial filing were improper at this stage of the proceedings. We agree. As the circuit court explained, the alleged fraud was intrinsic to the nature of the proceeding; therefore, Lester was apprised of any representations in Donna's petition that he now claims are false well before he agreed to the terms of the final order.

7

Lester consented to the terms of the final order of protection; thus, the time to adjudicate the merits of Donna's petition has passed. Accordingly, the circuit court did not abuse its discretion by quashing Lester's subpoena for Donna's medical records.

IV. *Conclusion*

For the above-stated reasons, we affirm the circuit court's denial of Lester's motions.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Lester Keith Hamaker*, pro se appellant.

*Montgomery Wyatt Hardy, PLC*, by: *Betty J. Hardy*, for appellee.